# WINTER *v.* .MONTGOMERY.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 588.   Submitted February 4, 1895. — Decided March 4, 1895.

*Eustis* v. *Bolles*, 150 U. S. 361, affirmed and followed.

MOTION to dismiss, coupled with which was a motion to affirm.   The grounds for the motion, as stated by the counsel for the defendant in error, were substantially as follows:

The plaintiff in error filed in the chancery court of Montgomery County, Alabama, an original and amended bill against the defendant in error.   The defendant made no answer to these bills, but moved their dismissal on the ground that they were "without equity."   This motion was sustained, and decrees rendered by the chancery court dismissing the bills. On appeal to the Supreme Court of Alabama the decrees were affirmed by the judgment.

It is alleged by the complainant in substance that the pavement adjacent to certain property in the city of Montgomery, Alabama, held by him as trustee of his wife, Mary E. Winter, had been taken up by him, the entire sidewalk excavated, apartments for business purposes constructed in the excavation so made, and a new pavement laid, and that this was done by permission of the city council of Montgomery (defendant in error) as evidenced by a report of a special committee, dated July, 1870.   It is further set forth that after the complainant had been for many years in the use of the improvements so made, the city authorities removed the pavement and the structure underneath, filled in the excavation, put down a new and different kind of pavement, known as the "Schillinger pavement," and have since excluded the complainant from the use of the space underneath the pavement in connection with the building adjacent, and that great damage has resulted from these acts of the city authorities.

It appears, also, from the original bill that the city authorities committed the alleged wrongs complained of on the

ground, as they claimed, that the sidewalk was out of repair and dangerous for passengers, and that it could only be properly repaired in the way they had done; that complainant had several times during a period of more than a year attempted to make the suggested repairs, but that the authorities had prevented his doing so, and had insisted on replacing the old pavement by the Schillinger pavement.

Among the errors assigned on the appeal to the Supreme Court of Alabama from the decrees of the chancery court were the following:

" 3. The court erred in not holding that the ordinance of the city council of Montgomery, as set out as Exhibit 'C' to the original bill, impaired the obligation of the contract set out as Exhibit 'B' to the bill.

" 4. The court erred in not holding that the acts of the city council, respondent, as set out in said bill, deprived the complainant and Mary E. Winter, the owner of the corpus, of the interest and property described ' without due process of law.' "

*Mr. Edward A. Graham* and *Mr. L. A. Shaver* for the motions.

*Mr. H. E. Paine* and *Mr. J. S. Winter* opposing.

THE CHIEF JUSTICE: The writ of error is dismissed on the authority of *Eustis* v. *Bolles*, 150 U. S. 361, and cases cited.

*Dismissed.*