156 U.S. 385
 15 S.Ct. 649
 39 L.Ed. 460
 WINTER
v.
CITY COUNCIL OF MONTGOMERY.
 No. 533.
 March 4, 1895.
 
 This was a bill filed in the chancery court of Montgomery county, Ala., against the city council of Montgomery, praying for an injunction and for a reference to ascertain damages in respect to an alleged interference with complainant's rights in the sidewalk in front of his premises.
 The defendant made no answer to the bill or an amended bill afterwards filed, but moved their dismissal, on the ground that they were 'without equity.' The motion was sustained, and decrees rendered by the chancery court dismissing the bill. Complainant appealed to the supreme court of Alabama, which affirmed the decrees. 9 South. 366. He thereupon brought the case on error to this court. Defendant in error now moves to dismiss or affirm.
 It is alleged by the complainant, in substance, that the pavement adjacent to certain property in the city of Montgomery, Ala., held by him as trustee of his wife, Mary E. Winter, had been taken up by him, the entire sidewalk excavated, apartments for business purposes constructed in the excavation so made, and a new pavement laid, and that this was done by permission of the city council of Montgomery (defendant in error), as evidenced by a report of a special committee, dated July, 1870, and made Exhibit B to the original bill. It is further set forth that, after the complainant had been for many years in the use of the improvements so made, the city authorities removed the pavement and the structure underneath, filled in the excavation, put down a new and different kind of pavement, known as the 'Schillinger Pavement,' and have since excluded the complainant from the use of the space underneath the pavement in connection with the building adjacent, and that great damage has resulted from these acts of the city authorities.
 It appears, also, from the original bill, that the city authorities committed the alleged wrongs complained of on the ground, as they claimed, that the sidewalk was out of repair and dangerous for passengers, and that it could only be properly repaired in the way they had done; that complainant had several times during a period of more than a year attempted to make the repairs which had been suggested by the authorities, but that they had prevented his doing so in the way he proposed, and had insisted on the old pavement being replaced by the Schillinger pavement, in pursuance of an ordinance of the city council adopted August 18, 1883, and which is made Exhibit C to the bill.
 The permission given for making the excavation, etc., made Exhibit B to the bill, is as follows:
 'Montgomery, Ala., July, 1870.
 'The undersigned, a special committee on the subject, appointed by the city council of Montgomery with power to act, hereby authorize J. S. Winter, as trustee, etc., to proceed with the improvement on the corner of Court and Market streets, in said city, exhibited by the sketch annexed and according to the plan so exhibited, the same contemplating the excavation of the sidewalk around or bordering the store or building known as the 'Gindrat Corner,' and the use below of the apartment thereby to be formed for business purposes, with entrances thereto such as are seen on the plan annexed; the sidewalk to be replaced to accord with the annexed plan with a good and substantial pavement, and the work so to be done with as little practical interruption to business as may be found to be practically expedient, and, after being commenced. to be finished without unnecessary delay.'
 The following is the ordinance of the city council of August 18, 1883, made Exhibit C to the bill:
 'Resolved, that all pavements laid in future on Commerce street, Court square, and Market street, on Court and Perry between Washington and Monroe streets, and Montgomery so far southwest as Lee street, shall be in stone, of uniform size as far as practicable, and not less than three by two feet, with upper surface chiseled to a plane, and all edges chisel-dressed, and meeting the upper surface in straight lines, or in artificial stone or concrete approved by the council; and that, when any pavement on the streets or parts of streets above mentioned now laid in brick or other material than those mentioned gets out of repair, it shall be taken up and relaid as obove directed.'
 Among the errors assigned on the appeal to the supreme court of Alabama from the decrees of the chancery court are the following: '(3) The court erred in not holding that the ordinance of the city council of Montgomery, as set out as Exhibit C to the original bill, impaired the obligation of the contract set out as Exhibit B to the bill.
 '(4) The court erred in not holding that the acts of the city council, respondent, as set out in said bill, deprived the complainant and Mary E. Winter, the owner of the corpus, of the interest and property described, 'without due process of law."
 H. E. Paine and J. S. Winter, for plaintiff in error, contended, among other things: 'That while it appears by the record that the judgment of the state court might have been based either upon a law which would raise the question of repugnaney to the constitution of the United States, or upon some other independent ground, it does not appear that the court did, in point of fact, base its judgment on such independent ground, and not on the law raising the federal question.' And that, 'if it appears from the record, however deduced, that a federal question was not in point of fact raised by the complainant,—and this, of course, is apparent,—it will be assumed that the court, as in duty bound, considered and decided it; and thus, that the case was not decided upon independent grounds alone. But, as independent grounds are also shown to have been raised by the record, and, under a like rule, must be presumed to have been decided, the conclusion would appear to be that the judgment was based on the fullest consideration of both the local and federal questions raised in the proceedings, which the court is petitioned to review,'—citing New Orleans Waterworks Co. v. Louisiana Sugar-Refining Co., 125 U. S. 18, 8 Sup. Ct. 741, and cases cited; also, Klinger v. State, 13 Wall. 257-259.
 L. A. Shaver, for defendant in error.
 Mr. Chief Justice FULLER. The writ of error is dismissed, on the authority of Eustis v. Bolles, 150 U. S. 361, 14 Sup. Ct. 131, and cases cited.
 
 
 1
 Writ of error dismissed.