Mr. Justice BRADLEY
 

 delivered the opinion of the court.
 

 Although it docs not seem, from the report of this case in the Missouri Reports, that the point taken before us was raised or passed upon by the Supreme Court of that State, yet being found in the record, and arising out of the transactions at the trial, as exhibited in the bill of exceptions, it is our duty to examine it.
 

 The oath referred to, which the juror, Park, declined to take, was what is known as the oath of loyalty, or test oath, prescribed by the sixth section of article second of the constitution of Missouri, adopted in April, 1865.
 

 The plaintiff in error insists that this oath was unconstitutional, as declared by this court in the case of
 
 Cummings
 
 v.
 
 The State of Missouri,
 
 and that the imposition of it upon the juror, in obedience to the State constitution, against the plaintiif’s protest, was an invasion of his rights as well as those of the juror; that to exclude the juror because he declined to take the oath was to decide in favor of the validity of a State law repugnant to the Constitution and laws of the United States, &c., and hence that this court has jurisdiction to review the decision of the Supreme Court of Missouri.
 

 Conceding, for the sake of argument, all this to be true, still, before we enter upon that duty it is necessary to look carefully at the record and see whether the plaintiff’s allegation is true, that the court below excluded the juror
 
 for no
 
 
 *262
 

 other reason
 
 than that he declined to take the oath referred to. For we do not assume jurisdiction to review .the judgment of a State court, unless it clearly appears from the record that a question has been raised and passed upon which is within the cognizance of this court, as provided for in the 25th section of the Judiciary Act, or the corresponding act passed February 5th, 1867. If such a question was really raised and passed upon in this case, it is somewhat singular that no notice is taken of it in the report of the case before referred to.
 

 The only portion of the bill of exceptions relating to this subject is the first paragraph of the bill. Now, it does not clearly appear from the statement there made that the juror was discharged “for no other reason than that he declined to take the oath.” The reasons assigned by him for not taking the oath were twofold: first, that he was a rebel in bis sympathies during the war; and, secondly, that he was so still, and even sti’onger than ever. A man who makes such an avowal as that, thus manifesting a settled hostility to his country and its government, may well have been deemed by the court, irrespective of his refusal to take the oath, an unfit person to act as a juryman, and a participant in the administration of the laws.
 

 Had the juror refused to take the oath simply because he had sympathized with or aided the rebellion during the war, and had he been discharged on that account, then the questions would have fairly arisen of which this court could take cognizance. The repugnancy of the test oath to President Johnson’s proclamation of amnesty, and to the prohibition against
 
 ex post facto
 
 laws, &e., would have been fairly brought into question. But- as he also refused to take it because he ivas still a more bitter rebel than ever, the avowal of such a feeling was inconsistent with the upright and loyal discharge of his duties, as much so as if he had expi’esscd his disbelief in the obligation of an oath,, and bad declined to take it for that reason. Surely, if he had done that, there could have been no doubt that bis discharge was justifiable, whatever view might be taken of the constitutionality of the test oath.
 
 *263
 
 It certainly would have been in the discretion of the court, if not its duty, to discharge him. And so we think it was in this case.
 

 The rules which govern the action of this court in cases of this sort are well settled. Where it appears by the record that the judgment of the State court might have been based either upon a law which would raise a question of repugnancy to the Constitution, laws, or treaties of the United States, or upon some other independent ground; and it appears that the court did, in fact, base its judgment on such independent ground, and not on the law raising the Federal question, this court will not take jurisdiction of the case, even though it might think the position of the State court an unsound one. But where it does not appear on which of the two grounds the judgment was based, then, if the independent ground on which it might have been based was a good and valid one, sufficient of itself to sustain the judgment, .this court will not assume jurisdiction of the case; but if such independent ground was not a good and valid one, it will be presumed that the State court based its judgment on the law raising the Federal question, and this court will then take jurisdiction.
 
 *
 

 In this case it appears that the court below had a good and valid reason for discharging the juror, independent of his refusal to take the test oath; and it does not appear but that he was discharged for that ground. It cannot, therefore, with certainty, be said that the Supreme Court of Missouri did decide in favor of the validity of the said clause of the State constitution, which requires a juror to take the test oath.
 

 Writ of error dismissed.
 

 *
 

 Maguire v. Tyler, 8 Wallace, 650; Neilson v. Lagow, 12 Howard, 110; Railroad Company v. Rock, 4 Wallace, 177 ; Railroad Company v. McClure, 10 Id. 511 ; Insurance Company v. Treasurer, 11 Id. 204; Crowell v. Randell, 10 Peters, 368; Suydam v. Williamson, 20 Howard, 427; Williams
 
 v.
 
 Oliver, 12 Id. 123.