## CITIZENS' BANK *v.* BOARD OF LIQUIDATION.

1. Where the record shows that a Federal question was not necessarily involved, this court has no jurisdiction to review the decision of the Supreme Court of Louisiana, that the act passed Jan. 24, 1874, does not authorize the funding board of that State to fund the bonds of a railroad company, whereon the State is liable only as a guarantor.
2. *Brown* v. *Atwell, Administrator* (92 U. S. 327), cited and approved.

ERROR to the Supreme Court of the State of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Armand Pitot* and *Mr. Edward Janin* for the plaintiff in error.

*Mr. John Q. A. Fellows, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was an application for a *mandamus* to compel the funding board of Louisiana to fund, under the funding act of that State, passed Jan. 24, 1874, $60,000 and accrued interest of the second-mortgage bonds of the New Orleans, Mobile, and Chattanooga Railroad Company, guaranteed by the State under the alleged authority of act No. 26, approved Feb. 16, 1869. The averment in the petition is "that the refusal of the board to fund the bonds and coupons presented by the petitioners is

in violation of the compact entered into between the people of the State of Louisiana and the bondholders."

In the answer, several defences were set up, but in none was any Federal question in terms presented. In one, which was separate and distinct from the others, and in no manner connected with them, it was alleged "that the bonds presented in this case, and the funding of which is claimed, are not included among the obligations permitted to be funded by the act, . . . and are not the bonds of this State." This defence was sustained by the Supreme Court of the State because the act only permitted the funding of "valid outstanding bonds of the State, and valid warrants drawn previous to the passage of the act," and the bonds held by the relator were not bonds of the State, but bonds of the railroad company, on which the State was liable only as guarantor.

No Federal question was involved in this decision, but it determined the cause. The relator had no contract which the funding act impaired. The State being in debt, passed the funding law. The relator, claiming the benefit of the privileges conferred by the law, asked for a *mandamus* to compel the State officers to issue funding bonds in exchange for the obligations the relator held and offered to surrender. This was refused, because, in the opinion of the court, the act did not provide for that class of State obligations. Over this decision we have no control. In fact, being the construction of a State statute by a State court, it controls us. Under these circumstances, if we should take jurisdiction we would be compelled to affirm the judgment, whether we found any error in respect to questions arising under the other defences or not. This defence is complete in itself, and sufficient to support the judgment we are asked to review.

To give us jurisdiction under sect. 709, Rev. Stat., it is not only necessary that some one of the questions mentioned in the section should exist on the record, but that the decision was controlling in the disposition of the cause. *Williams* v. *Oliver*, 12 How. 125 ; *Klinger* v. *State of Missouri*, 13 Wall. 257. As the State court has decided as a question of State law that even if the guaranties of the bond are valid obligations of the State, they are not fundable under the act, it matters not in

this suit whether the decision against their validity was erroneous or not. The judgment would have been the same whether the guaranties were held to be valid or invalid. No Federal question having been specially raised by the pleadings, and the record showing clearly on its face that the decision of such a question was not necessarily involved, we will not go through the opinion of the court, even in Louisiana, to ascertain whether one was in fact decided. In no event could it have affected the determination of the cause. There is nothing in *Murdock* v. *City of Memphis* (20 Wall. 590) to the contrary of this. In that case the decision of the Federal question raised was necessary. The judgment as given could not have been rendered without passing upon it. We have often since that case reaffirmed the old rule. *Moore* v. *Mississippi*, 21 Wall. 636; *Brown* v. *Atwell, Administrator*, 92 U. S. 327. In the last case, citing numerous authorities, we say, " We have often decided that it is not enough to give us jurisdiction over the judgments of the State courts for a record to show that a Federal question was argued or presented to that court for decision. It must appear that its decision was necessary to the determination of the cause, and that it actually was decided, or that the judgment as rendered could not have been given without deciding it."

It follows that the writ must be dismissed for want of jurisdiction; and it is

*So ordered.*