## LOWRY *v.* SILVER CITY GOLD AND SILVER MINING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

No. 104.    Argued and submitted November 14, 1900.—Decided December 3, 1900.

On the facts stated in the statement of the case, *held* that the court below was right in deciding that the plaintiffs in error were estopped by virtue of the lease from the defendant in error under which two of the plaintiffs in error acquired possession of the premises in dispute from maintaining this action.

On January 1, 1889, the Wheeler Lode mining claim, a claim 1500 feet in length by 600 feet in width, was duly located on mineral lands situated in the Tintic mining district, Juab County, Utah. The title to the claim passed to the defendant in error, and its right thereto was kept alive by regular performance of the prescribed annual work. On February 8, 1897, it leased this claim to two of the plaintiffs in error, Lowry and De Witt, for eighteen months, and those lessees went into possession and continued work on the mine. On June 4, 1897, the owners of a mining claim called the Evening Star, applied for

a patent, and included in their application a portion of the Wheeler claim. They published due notice of their application, and the sixty days given by statute for commencing an adverse suit passed without any such suit by the defendant in error, the owner of the Wheeler mining claim. Thereupon the two lessees, together with the other plaintiff in error, Smith, attempted to locate a new claim, called the Little Clarissa, upon the ground covered by the Wheeler claim. This attempted location was made two or three days after the expiration of the sixty days' publication by the owners of the Evening Star, and while the lessees were in possession under the lease from the owner of the Wheeler claim. It appears by the surveys that the premises claimed by the Evening Star included the original discovery shaft of the Wheeler location, the same being within two and one fourth feet of the boundary line. It also appears that the original discovery shaft of the Wheeler claim was sunk only about nine and one half feet in depth, and was then practically abandoned; that the vein was traceable and was traced on the surface for something like 500 feet within the boundaries of the Wheeler location, and that thereafter and many years before the lease referred to a new shaft had been sunk on that vein some two or three hundred feet in depth at a point far outside of the Evening Star location and entirely within the limits of the Wheeler location, and that this was the condition at the time the lease was executed. The contract of the lessees was that they should sink this shaft a depth of at least six feet each month during the life of the lease and should not allow or permit any miner's or other liens to be filed against the claim, or suffer any act or thing whatever to be done whereby the title of the defendant in error to the claim should be incumbered. After the location by the plaintiffs in error of the Little Clarissa claim and a repudiation by them of the obligations of the lease, the defendant in error filed its bill in the District Court of Utah, in and for the county of Juab, to quiet its title, restrain the defendants from occupying the premises and for restitution thereof. This suit was commenced after the publication by the locators, the lessees, and Smith, of an application for a patent for the Little Clarissa mine, and within the 60

days required for commencing an adverse suit. The District Court entered a decree quieting the title of the plaintiff, ordering restitution, and enjoining the defendants from entering upon the premises, or in any way interfering with plaintiff's possession and enjoyment of the premises. This decree was affirmed by the Supreme Court of the State (19 Utah, 334), and thereupon this writ of error was brought.

*Mr. O. W. Powers* for plaintiffs in error. *Mr. Arthur Brown* and *Mr. H. P. Henderson* were on his brief.

*Mr. Charles S. Varian* and *Mr. F. S. Richards* for defendant in error, submitted on their brief.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

This was plainly an attempt on the part of the plaintiffs in error—two of whom were lessees of the defendant in error— under the forms of law to appropriate to themselves property which for years had been in the unchallenged possession of the defendant in error, and upon which it had expended many hundreds of dollars. That such attempt was unsuccessful in the courts is no more than was to be expected.

The Supreme Court of the State placed its decisions upon two grounds: First, that although the Evening Star claim included the original discovery shaft of the Wheeler claim, it did not thereby destroy that claim in view of the fact that long prior to the location of the Evening Star the owners of the Wheeler had located a new shaft and developed the mine in that shaft. *Gwillim* v. *Donnellan*, 115 U. S. 45, was held not applicable. The other ground was estoppel by virtue of the lease under which two of the plaintiffs in error acquired possession. While the former ground is the one principally discussed in the opinion, the latter was adverted to in a few words at its close. The latter is sufficient to dispose of the case in this court. *Eustis* v. *Bolles*, 150 U. S. 361. See also *De Lamar's Nevada Gold Mining Company* v. *Nesbitt*, 177 U. S. 523, and cases cited in the opinion. The writ of error is

*Dismissed.*