# VANDALIA RAILROAD COMPANY *v.* INDIANA *ex rel.* THE CITY OF SOUTH BEND.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 26. Argued October 18, 1907.—Decided December 16, 1907.

The construction of a pleading, the meaning to be given to its various allegations, the determination of the validity of a contract in reference to real estate within the State, and whether the form of remedy sought is proper, are, as a general rule, local questions.

If the judgment of the state court is based on a decision placed upon a sufficient non-Federal ground this court has no jurisdiction to review it.

While this court is not concluded by the judgment of the state court and must determine for itself whether a Federal question is really involved, and may take jurisdiction if the state court has in an unreasonable manner avoided the Federal issue, the writ of error will be dismissed where no intent to so avoid the Federal question is apparent.

Writ of error to review 166 Indiana, 219, dismissed.

THE facts are stated in the opinion.

*Mr. Samuel Parker,* with whom *Mr. John G. Williams* was on the brief, for plaintiff in error:

There was a denial by the state Supreme Court of an authority exercised under the United States, in that such court refused to consider and thereby, in effect, decided against the title and right of plaintiff in error, specially set up and claimed under such authority. That court refused to consider, and by so doing decided against, the title and right of the plaintiff in error to the free and unincumbered use of that part of its right of way and railroad over which it is claimed said Calvert street exists, its title and right to said right of way and railroad having been acquired under and by force of the judgment and decree of the Circuit Court of the United States, all as specially set up and claimed. Sec. 709, Rev. Stat.; *Dupasseur* v. *Rochereau,* 21 Wall. 130; *Crescent City &c. Association* v. *Butcher's Union &c. Co.,* 120 U. S. 141; *Pittsburg &c. Ry. Co.* v. *Long Island &c. Co.,* 172 U. S. 493.

The return of the railway company to the alternative writ of mandamus, after averring the facts constituting the first ground for the assertion that this court has jurisdiction, makes the direct and positive allegation of the existence of a Federal right in the following words: "And this defendant says that in this action it is sought to appropriate its property acquired by virtue of the decree aforesaid rendered in the Circuit Court of the United States, for the District of Indiana, without due process of law and without compensation, in violation of the Fourteenth Amendment of the Constitution of the United States, and this defendant now claims immunity under said Fourteenth Amendment from having its property taken from it by means of this action without compensation and without due process of law." This would seem to meet even the stringent requirements of the earlier cases in this court, of which *Maxwell* v. *Newbold,* 18 How. 511, is an example. Upon this ground, viz.: That the state court decided against the immunity claimed under the constitution, the return leaves nothing to inference but the averments are so

distinct and positive as to place it beyond question that the party bringing the case here  .  .  .  intended to 'assert a Federal right.  *Oxley Stave Co.* v. *Butler County,* 166 U. S. 648; *Green Bay & M. C. Co.* v. *Patten Paper Co.,* 172 U. S. 58.

The state Supreme Court declared that the return to the alternative writ was based upon the theory that the contract between the railway company and the city of South Bend, relator, was a bar to the action for the mandate, and, having so declared, held that the conclusion reached forbade a discussion of the legality of the various steps taken in the proceedings to establish Elmira street, as well as the constitutional question raised.  This amounts to, and, in effect, is a decision against the Federal right and immunity claimed. *Minneapolis &c. Ry. Co.* v. *Gardner,* 177 U. S. 332; *Covington & L. Turnpike Road Co.* v. *Sandford,* 164 U. S. 576; *Mitchell* v. *Clark,* 110 U. S. 633, 645; *Kaukauna Water Power Co.* v. *Green Bay &c. Canal Co.,* 142 U. S. 254; *Chicago, B. & Q. R. Co.* v. *Illinois ex rel. Grimwood,* 200 U. S. 561.

*Mr. Harry R. Wair* and *Mr. L. T. Michener,* with whom *Mr. Frank H. Dunnahoo* and *Mr. W. W. Dudley* were on the brief, for defendant in error:

The decision of the state court was placed upon an independent ground not involving in any way a Federal question and that ground is sufficient to sustain the judgment.  The Federal question, if any, lay behind the determination of the question of the character and theory of the pleading.  Plaintiff in error could not complain that because of the construction of the pleading the real issue was held to be the validity of the contract and not the Federal question now asserted.  *Chapman* v. *Crane,* 123 U. S. 540; *Brooks* v. *Missouri,* 124 U. S. 394; *Johnson* v. *Risk,* 137 U. S. 300.

Whether the construction of the pleading as made by the state Supreme Court, or its finding upon the validity of the contract, were sound or not, is not for inquiry here.  The basis of the decision is broad enough in itself to support the final

judgment without reference to the alleged Federal question. *Beaupre* v. *Noyes*, 158 U. S. 397, 401; also *Klinger* v. *Missouri*, 13 Wall. 257, 263.

All causes of action originating in the state courts and in the inferior Federal courts are, and necessarily must be, subject to the rules of. pleading obtaining in the particular jurisdiction, and it is for the state court to say whether the particular defense has been sufficiently alleged as measured by the rules applicable to the pleading obtaining in the State.

If the defense is founded upon a Federal question it must have been presented, not only in the Supreme Court of the State, but before the trial court. *Chappel* v. *Bradshaw*, 128 U. S. 132.

All allegations in the pleading which go beyond the statement of a good defense upon the theory adopted are mere surplusage and when the statements of the defense, tested by the rules of good pleading do not disclose that a Federal question is involved, the Federal court has no jurisdiction. *City of Fergus Falls* v. *Fergus Falls Water Co.*, 72 Fed. Rep. 873. See also *Hovey* v. *Elliott*, 167 U. S. 409; *Chouteau* v. *Gibson*, 111 U. S. 200; *T. & P. Ry. Co.* v. *Southern Ry. Co.*, 137 U. S. 48; *Speed* v. *McCarthy*, 181 U. S. 613; *Union Pac. Ry.* v. *Pain*, 119 U. S. 561; *Sayward* v. *Denny*, 158 U. S. 180.

If the question of the sufficiency of the pleading should be held to be subject of review by this court, the reasons assigned by the state court for holding the pleading insufficient to present Federal questions are sufficient, treating the matter as an original question here, to impel the same finding by this court.

MR. JUSTICE BREWER delivered the opinion of the court.

This action was commenced by the defendant in error in the Circuit Court of St. Joseph County, Indiana, to compel the Terre Haute and Logansport Railway Company to open its tracks and yards within Calvert street in South Bend, to

make the roadbed conform to the street grade, to plank the crossing of the same, and to make that crossing safe and convenient for the passage of persons and vehicles. While the action was pending in the state courts the Terre Haute company and certain other companies consolidated and formed a new corporation under the name of the Vandalia Railroad Company, which succeeded to all the rights and duties of the original defendant, carried on the further litigation, and is the plaintiff in error.

Upon the complaint an alternative writ of mandamus was issued. To this writ and the complaint the railroad company demurred, and the demurrer was overruled. The company then filed its return to the alternative writ, and a demurrer of the plaintiff thereto was sustained. The railway company refusing to plead further, a peremptory writ of mandamus was issued as prayed for. On appeal to the Supreme Court of the State the decision of the Circuit Court was affirmed. 166 Indiana, 219. Thereupon this writ of error was sued out.

To fully understand the questions presented a statement of the matters set forth in the complaint and return is necessary.

The complaint alleges that on November 10, 1884, the city granted a franchise to the railway company to cross the streets and alleys of the city on the express condition that when it did so the roadbed should be made to conform strictly to the grade of the street or alley it crossed, and that the defendant should so construct and maintain its road at such crossing as to cause the least possible obstruction to the passage of persons and vehicles over it; that the railway company accepted said franchise and had ever since acted under it.

It further described that portion of the street whose grade had been established and which was occupied by the defendant, and which it had been notified to plank and improve.

The demurrer to the writ raised the question whether the action was not founded alone upon the contract created by the franchise, and asserted that the duties of a corporation springing wholly out of contract cannot be enforced by writs

of mandamus; also whether the plaintiff could not of itself have constructed the crossing and brought an action for the cost thereof and the penalty as provided in the ordinance, and thereby secured adequate redress without resorting to the extraordinary remedy of mandamus. But obviously these matters are of a local nature and present no question under the Federal Constitution.

The return of the defendant alleged that at the time the original franchise was granted the place at which the improvement of the crossing was sought to be compelled by this action was outside the limits of the city of South Bend; that in 1887 it was taken into the corporate limits of the town of Myler, and thereafter, in 1892, said town of Myler was annexed to and became a part of the city of South Bend; that before this annexation and while the town of Myler existed certain parties filed with the board of trustees of that town a petition for the establishment of a street, at first called Elmira, but afterwards Calvert street, over the ground where the plaintiff now claims said street is located; that the Terre Haute and Logansport Railroad Company, then the owner of the real estate, had no notice of the proceedings had for the establishment of said street and took no part therein; neither did it receive any compensation on account thereof; that prior thereto that company had placed a trust deed on the property, which, after the attempted establishment of the street, was foreclosed by suit in the United States Circuit Court for the State and District of Indiana, and the property purchased by one Joshua T. Brooks, who directed a conveyance to the Terre Haute and Logansport Railway Company, the defendant herein; that neither the trustee in said trust deed nor any holder of bonds secured by it was a party to the proceedings for the establishment of said street, nor was any notice of said proceedings given to said trustee or any bondholder, nor did either have any knowledge thereof; that no damages for the opening of the street were assessed or tendered to either, and that at the time of the purchase of the property and the payment of the

purchase price neither the purchaser nor the railroad company nor the defendant had any knowledge of the proceedings to locate and open the said street. A violation of the Fourteenth Amendment was in terms claimed in that an appropriation of its property acquired by the proceedings in the Federal court was sought to be made without compensation. The return further set forth that, springing out of these facts, there was a dispute between the railroad company and the city of South Bend as to the validity of the proceedings for the opening of said street, and that " on January 17, 1902, for the purpose of adjusting and settling the said conflicting claims of the relator and settling the said conflicting claims of the relator and the defendant, the relator, acting by its then board of public works, made and entered into a contract whereby the defendant agreed to construct a steel viaduct, above and across its tracks at said Elmira street where claimed by the relator, and the relator agreed to construct the approaches thereto and each agreed to perform the other agreements set forth in said contract, which is in writing and which was reported to the common council of said city of South Bend, which, by ordinance duly passed and enacted, ratified and approved said contract. Said ordinance and said contract are in the following words and figures, to wit: 'Ordinance. An ordinance ratifying a contract between the Department of Public Works and the Terre Haute and Logansport Railway. Be it ordained by the Common Council of the City of South Bend, that the within contract, made on the 17th day of January, 1902, between the Department of Public Works and the Terre Haute and Logansport Railway Company is hereby ratified and approved. This agreement made this 17th day of January, 1902, between the City of South Bend, by and through its Board of Public Works, and the Terre Haute and Logansport Railway Company. Witnesseth,' " etc. The return further averred that the defendant was ready at all times to construct the said viaduct according to said contract and ordinance, but the city had not performed any of the agreements contained

in said contract to be performed by it, and that it had not given to the defendant any written or other notice to construct the viaduct according to the provisions of said contract.

In reference to this return the Supreme Court in its opinion made this statement of the contention of the parties (p. 229):

"Appellant's counsel assert and argue an insufficiency of the notice and return of service in the special proceedings of the board of trustees of the town of Myler for the establishment of Elmira street, a want of notice to the mortgagee of the property to be appropriated, and, in consequence, a taking of property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

"Appellee's counsel insist that the only question presented to and considered by the Circuit Court upon the demurrer to the return, was the validity of the agreement therein pleaded."

It declared that the appellee's view was the correct one, and that the only question to be considered was the validity of the agreement therein pleaded. It then proceeded to discuss its validity, holding that it was beyond the power of the city, saying: "The agreement entered into between the relator and the railway company was on the part of the city an unwarranted surrender of legislative power and control over the crossing, and an unauthorized assumption of the burdens of another, and is invalid and void."

It is now contended on the part of the defendant in error that no Federal question was passed upon by the Supreme Court of the State and that, therefore, the writ of error should be dismissed, while the plaintiff in error insists that there are two Federal questions; first, whether the state court gave due effect to the proceedings of the Federal court in the foreclosure and sale of the property under the trust deed; and second, whether the proceedings for the opening of the street were had without notice to the defendant and its predecessor, and so operated to take private property without compensation. This involves a consideration of the meaning and scope

of the return. It is true that in that return it is alleged that no notice was given to the railroad company or its predecessor or the trustee in the trust deed or any bondholder, and that therefore there was no valid appropriation of the property of the railroad company to street purposes. It is also stated that by the foreclosure proceedings in the Federal court the full title to the property passed to the defendant, a title which in its origin antedated the attempt to open the street. But the Supreme Court held that these were merely matters of inducement leading up to the making of the contract for a viaduct; that they were only presented for the purpose of showing the state of the controversy, which was settled between the parties by the making of this alleged contract. In other words, it did not pass upon the Federal questions, but held that they were put entirely out of the case by facts set forth in the return presenting a question obviously not of a Federal character.

Now, the construction of a pleading, the meaning to be given to its various allegations and the determination of the validity of a contract made by parties in reference to real estate in the State are, as a rule, local questions. Doubtless this court is not concluded by the ruling of the state court, and must determine for itself whether there is really involved any Federal question which will entitle it to review the judgment. *Newport Light Company* v. *Newport*, 151 U. S. 527, 536, and cases cited in the opinion. A case may arise in which it is apparent that a Federal question is sought to be avoided or is avoided by giving an unreasonable construction to pleadings, but that is not this case. Even if it be conceded that the conclusion of the Supreme Court of the State is not free from doubt, there is nothing to justify a suspicion that there was any intent to avoid the Federal questions. The construction placed by that court upon the pleading was a reasonable one. It said in reference to the matter (166 Indiana, 229):

"The manifest theory of the pleader was to show that a reasonable and *bona fide* controversy existed as to the validity

of the proceedings for the establishment of Elmira street by the board of trustees of the town of Myler, as an inducement to and consideration for entering into the compromise agreement pleaded, and that said contract having been legally executed and not rescinded, the railway company was thereby absolved from the duty declared upon, to construct and maintain a grade crossing at the point in controversy. 'A single paragraph of answer cannot perform the double function of denying the cause of action, and confessing and avoiding it. It must be one thing or the other, but it cannot be both; and its character, in this respect, must be determined from the general scope of its averments.' *Kimble* v. *Christie*, 55 Indiana, 140, 144. The return under consideration was intended to confess and avoid the duty sought to be enforced, and its sufficiency must be determined upon that theory. This conclusion forbids a discussion of the legality of the various steps taken in the proceedings to establish Elmira street, as well as the constitutional question raised."

We think it must be held that the decision by the Supreme Court of the State was placed upon a sufficient non-Federal ground, and therefore the writ of error is

*Dismissed.*