PETRIE ET AL. *v.* NAMPA AND MERIDIAN IRRIGATION DISTRICT.

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 47.   Argued November 19, 1918.—Decided December 9, 1918.

Upon an application to an Idaho court for approval of a proposed contract for sale of water rights by the United States to an Irrigation District, and for sharing between them certain drainage expenses, landowners objected that the contract exceeded the powers of the United States, the Secretary of the Interior, and the District, that its execution would entail assessments on their land within the District otherwise supplied with sufficient water for irrigation, and that for this reason they would be deprived of property without due process of law, or compensation, in violation of the Fourteenth Amendment. *Held,* that a federal question was presented. P. 157.
But, since the Idaho Supreme Court, while holding that the contract would be valid and that its confirmation would not invade the landowners' constitutional rights as claimed, also decided that under the state law the objection was premature for the reason that such confirmation would not impose any burden upon their lands until assessments should be made upon them in subsequent pro-

ceedings on the basis of benefits conferred, and upon full notice and hearing with opportunity for plenary judicial review; *Held*, that the judgment was based upon an independent, non-federal ground, broad enough to support it, and that a writ of error from this court must be dismissed. P. 158.

Writ of error to review 28 Idaho, 227, dismissed.

THE case is stated in the opinion.

*Mr. Oliver O. Haga*, with whom *Mr. J. B. Eldridge* and *Mr. James H. Richards* were on the briefs, for plaintiffs in error.

*Mr. B. E. Stoutemyer*, with whom *Mr. H. E. McElroy* and *Mr. Will R. King* were on the brief, for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

The Board of Directors of the Nampa and Meridian Irrigation District, a quasi-municipal corporation, organized under the laws of Idaho (*Pioneer Irrigation District* v. *Walker*, 20 Idaho, 605; *Colburn* v. *Wilson*, 23 Idaho, 337), filed an amended petition in the District Court of that State, praying for the examination, approval and confirmation by the court of a contract which it desired to enter into with the United States Government acting through the Secretary of the Interior, which provided that the United States should sell and the Irrigation District should purchase, and in the manner prescribed pay for, a supply of water to irrigate an extensive tract of arid land within the District and to supplement an insufficient supply, for other lands, which the District had theretofore acquired from other sources. The proposed contract also provided that the United States and the District should share in the expense of constructing a system of drainage, to reclaim considerable areas of land within the District which had become "water-logged"

through seepage from both the Government and the District systems of irrigation, and to prevent threatened damage to other lands from such seepage.

The proceeding involved is prescribed by the state statutes, which provide that when such a petition is filed the court shall fix a day for hearing, and shall notify the persons interested therein by publication, for four weeks, in a newspaper published in the county. Any persons interested in the subject-matter may demur to or answer the petition, and the rules of pleading and practice prescribed in the Code of Civil Procedure of the State (Idaho Revised Codes, vol. I, title 14, c. 4, §§ 2397, 2398 and 2401) are made applicable.

The required notice having been given, the plaintiffs in error, owners of lands within the Irrigation District, filed an "answer and cross complaint" in which they denied many allegations of the petition and affirmatively alleged: That if the contract should be entered into they would be obliged to pay an assessment of $75 upon each acre of their land for water rights which they did not require because they had a sufficient supply from other sources; that neither the United States, nor the Secretary of the Interior nor the Irrigation District had authority under the laws of the United States to enter into the contract and that, for these reasons, if it were approved and entered into, the plaintiffs in error would be deprived of their property without due process of law and without compensation, in violation of the Fourteenth Amendment to the Constitution of the United States. A permanent injunction was prayed for restraining the petitioners from entering into the proposed contract and from levying assessments to carry it into effect.

The District Court approved the contract, upon a full finding of facts, and its judgment was affirmed by the Supreme Court of the State in a judgment which we are asked to review upon this writ of error.

A motion to dismiss the writ of error was postponed until the hearing upon the merits which has now been had.

The statement which we have made of the issues presented by this record shows that the first ground of the motion—that a federal question was not presented—can not be sustained. *Tregea* v. *Modesto Irrigation District,* 164 U. S. 179, 185.

But the second ground of the motion to dismiss is valid, viz: that, even if it be conceded that the Supreme Court decided a federal question against the plaintiffs in error, nevertheless, the court decided against them also upon an independent ground, not involving any federal question and broad enough to support the judgment, and for this reason the federal question involved will not be considered on this writ of error, under a series of decisions by this court extending at least from *Klinger* v. *Missouri,* 13 Wall. 257, 263, to *Enterprise Irrigation District* v. *Farmers Mutual Canal Co.,* 243 U. S. 157, 164.

While the State Supreme Court finds that the United States, acting through the Secretary of the Interior, could lawfully enter into the proposed contract and that the approval and confirmation of it by the court would not deprive the plaintiffs in error of their property without due process of law or without compensation, yet the court also holds that the "cross complaint," in which these federal rights are asserted, was filed prematurely under the statutes and practice of the State of Idaho, and that no charge or burden would be imposed upon the lands of the plaintiffs in error by the approval of the contract, assuming that it should be executed. This for the reason that the state statute provides that any assessments upon such lands to carry into effect the purposes of the contract must subsequently be made by the Board of Directors of the Irrigation District on the basis of benefits conferred, at a meeting of the Board, to be held at a time and place of which the owners of the lands to be

charged must be notified by postal card and by newspaper publication (Idaho Revised Codes, vol. I, title 14, c. 4, § 2400). At such meeting the land owner may object to any proposed assessment on his land and if the objection is overruled by the Board, and he does not consent to the assessment as finally determined, such objection shall, without further proceeding, be regarded as appealed to the District Court and shall there again be heard in proceedings to confirm the assessment. It is expressly provided that upon such hearing the court shall disregard every error, irregularity or omission, which does not affect the substantial rights of any party and shall correct any error which may be found in such assessment or any injustice which may result from it.

For this reason the court held that the claims stated in the "cross complaint" were prematurely asserted, were "wholly immaterial," to the inquiry presented by the petition of the District, and "should have been stricken from the answer." We cannot doubt that this conclusion of the State Supreme Court, based as it is wholly on state statutes and procedure, is broad enough to sustain the judgment rendered, irrespective of the disposition of any federal question involved, and therefore the writ of error will be

*Dismissed.*