McCOY *v.* SHAW, STATE AUDITOR, ET AL.

No. 403. Submitted April 9, 1928.—Decided May 21, 1928.

*Messrs. Robert M. Rainey, Streeter B. Flynn, Calvin Jones* and *Jay W. Whitney* were on the brief for petitioner.

*Messrs. Edwin Dabney,* Attorney General of Oklahoma, and *V. P. Crowe,* Assistant Attorney General, were on the brief for respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

McCoy, the petitioner, a Chickasaw Indian of one-fourth blood, brought this suit in equity in a state court

of Oklahoma to enjoin the collection of a gross production tax on his one-eighth royalty interest in the oil produced under a lease of lands patented to him as his homestead and surplus allotments from which all restrictions on alienation and incumbrance had been removed—claiming that this tax on his royalty share in the oil was in violation of the treaties between the United States and the Chickasaw Indians and the Acts of Congress relating thereto. The court dismissed the suit on motion, for want of equity; and this was affirmed by the Supreme Court of Oklahoma, without consideration of the federal question, on the ground that under §§ 9971 and 9973 of the Compiled Oklahoma Statutes, 1921, the petitioner had a plain, adequate and exclusive remedy at law by paying the tax under protest and suing for its recovery. 124 Okla. 256.

It is settled law that a judgment of a state court which is put upon a non-federal ground, independent of the federal question involved and broad enough to sustain the judgment, cannot be reviewed by this Court, unless the non-federal ground is so plainly unfounded that it may be regarded as essentially arbitrary or a mere device to prevent the review of a decision upon the federal question. *Leathe* v. *Thomas,* 207 U. S. 93, 99; *Vandalia Railroad* v. *South Bend,* 207 U. S. 359, 367; *Enterprise Irrig. Dist.* v. *Canal Co.,* 243 U. S. 157, 164; *Ward* v. *Love County,* 253 U. S. 17, 22; and cases therein cited.

Here the non-federal ground upon which the Oklahoma court based its decision—namely, that under the Oklahoma statutes the petitioner had a plain, adequate and exclusive remedy at law—was based on its earlier decision in *Black* v. *Geissler,* 58 Okla. 335. It is in harmony with the decisions of this Court relating to similar statutes of other States. *Tennessee* v. *Sneed,* 96 U. S. 69, 75; *Shelton* v. *Platt,* 139 U. S. 591, 595; *Indiana Mfg.*

*Co.* v. *Koehne,* 188 U. S. 681, 686; *Raymond* v. *Chicago Traction Co.,* 207 U. S. 20, 39; *Singer Sewing Mach. Co.* v. *Benedict,* 229 U. S. 481, 487; *Union Pac. R. R. Co.* v. *Weld County,* 247 U. S. 282, 285. And no intent to evade the federal question is indicated.

We are without authority to determine the federal right claimed by the petitioner. And the writ of certiorari is

*Dismissed for want of jurisdiction.*