No. 43,086

STATE OF KANSAS, *Appellee,* v. BENNY AEBY, *Appellant.*

(381 P. 2d 356)

Opinion filed May 11, 1963.

*Thomas C. Boone,* of Hays, argued the cause, and was on the briefs for appellant.

*Edgar M. Miner,* of Hays, argued the cause, and *Gregory J. Herrman,* county attorney, of Hays, and *William Ferguson,* attorney general, of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant was convicted on two counts of burglary in the third degree (G. S. 1949, 21-521) and one count of petty larceny (G. S. 1961 Supp., 21-535), and was sentenced to confinement in the state penitentiary as an habitual criminal. (G. S. 1949, 21-107a.)

During the presentation of the state's case in chief, the defendant objected to exhibits and articles of property obtained by police officers when they searched his apartment without a search warrant at the time he was arrested for the crimes for which he was subsequently convicted. When the objection to the evidence was made, the district court excused the jury and the trial proceeded on the question of the reasonableness of the search and seizure of the items and property offered in evidence. After a full hearing the district court found,

"The court has considered all of the evidence introduced in the absence of the jury by both sides, and the court finds generally that all legal and constitutional objections to the introduction and admission of evidence of the searches and articles found, should be overruled and so orders."

Thereafter, the jury was recalled and all the evidence presented to the district court was reoffered and heard by the jury.

As indicated above, a verdict of guilty was returned on each of the three counts charged in the information. The defendant filed a motion for a new trial containing five grounds all of which had to do with alleged errors and irregularities during the trial, including the evidence offered by the state which it was contended had been obtained illegally in an unlawful search and seizure in violation of the defendant's right under the Fourteenth Amendment to the Constitution of the United States. The motion for a new trial was overruled and the defendant was sentenced as an habitual criminal, hence, this appeal.

The appellant's notice of appeal and motion for record on appeal were abstracted in the joint abstract filed by the state and the appellant, and his notice of appeal recited that he gave "timely notice of intention to appeal from the *judgment* entered in this court in

said numbered case." (Emphasis supplied.) Thus, the defendant has appealed *only* from the conviction and judgment rendered in the case, and his appeal does not include the order overruling his motion for a new trial.

In view of the foregoing, we are required to apply the long-established and well-settled rules of appellate procedure that matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and when an appellant seeks to have this court review alleged trial errors he must appeal from the order overruling his motion for a new trial and in addition must specify such ruling as error in conformity with Rule No. 5 relating to appellate procedure which provides that "The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered." (188 Kan. p. XXVII; [G. S. 1949, 60-3826].) A few of our many cases applying the rule to appellate review of criminal cases are *State v. Shehi*, 125 Kan. 110, 263 Pac. 787; *State v. Owen*, 161 Kan. 361, 168 P. 2d 917; *State v. Turner*, 183 Kan. 496, 328 P. 2d 733; *State v. Hamilton*, 185 Kan. 101, 340 P. 2d 390, 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265; *State v. Combs*, 186 Kan. 247, 350 P. 2d 129; *State v. Bednark*, 187 Kan. 236, 356 P. 2d 848; *State v. Armstrong*, 188 Kan. 567, 363 P. 2d 520, and *State v. Mize*, 191 Kan. 129, 379 P. 2d 317.

Failure to comply with either or both of such requirements precludes appellate review of alleged trial errors which, it has been held, include rulings of the district court on dilatory pleas, orders setting the case for trial, denial of additional time to plead, *the admission or exclusion of evidence*, the sufficiency of evidence to support the judgment, erroneous instructions to the jury, misconduct of court or counsel, and general miscellaneous irregularities of procedure and practice for which new trials may be granted on a timely motion. (*Jeffers v. Jeffers*, 181 Kan. 515, 313 P. 2d 233, and cases cited; *Marshall v. Bailey*, 183 Kan. 310, 327 P. 2d 1034; *Andrews v. Hein*, 183 Kan. 751, 332 P. 2d 278; *Shelton v. Simpson*, 184 Kan. 270, 336 P. 2d 159.) Here the appellant neither appealed from the order overruling his motion for a new trial nor did he separately specify such ruling as error. In *State v. Burnett*, 189 Kan. 31, 367 P. 2d 67, it was said:

"While a defendant may appeal to this court as a matter of right from any judgment against him by complying with the adequate and easily complied-with method of appeal (G. S. 1949, 62-1701, 62-1724), the statute does not contemplate that he is entitled to review of every matter involved in his

trial and sentence without complying with the well-established rules of procedure relating to appellate review. (*State v. Hamilton,* 185 Kan. 101, 103, 340 P. 2d 390; *Brown v. Allen,* 344 U. S. 443, 97 L. Ed. 469, 503, 73 S. Ct. 397.)" (l. c. 33.)

Rule No. 5 has been printed repeatedly in various volumes of the Kansas reports and it is neither necessary nor required that we labor the reasons for its adoption and application. It is sufficient to say that it was designed to promote definiteness, fairness, and orderly procedure on appellate review. It was intended to be of benefit to the Bench and Bar alike. Specifically, its purpose is to advise both the appellee and this court concerning error or errors which the appellant claims the district court committed in rendering its judgment, and it has been applied with like application to both civil and criminal cases.

As we have seen, the point here attempted to be raised relates to the admission or exclusion of evidence which is a trial error and may be reviewed only when the appeal is from the order overruling the motion for a new trial and such rule is specified as error in conformity with Rule No. 5 of this court, and the fact that a claimed federal right is presented does not preclude this court from refusing to decide the federal question and apply adequate and independent well-settled state rules relating to appellate procedure. In *John v. Paullin,* 231 U. S. 583, 58 L. Ed. 381, 34 S. Ct. 178, it was said:

"Without any doubt it rests with each State to prescribe the jurisdiction of its appellate courts, the mode and time of invoking that jurisdiction, and the rules of practice to be applied in its exercise; and that state law and practice in this regard are no less applicable when Federal rights are in controversy than when the case turns entirely upon questions of local or general law. . . ." (p. 585.)

In *In re Lamkin,* 355 U. S. 59, 2 L. Ed. 107, 78 S. Ct. 137, a petition for a writ of *certiorari* was denied upon the ground that the judgment of the court of criminal appeals of Texas rested upon an adequate state ground since the petitioner in filing his application for habeas corpus in the state court failed to comply with applicable state procedures. See, also, *Fox Film Corp. v. Muller,* 296 U. S. 207, 80 L. Ed. 158, 56 S. Ct. 183, holding that where the judgment of a state court rests upon two grounds, one of which is federal and the other nonfederal in character, the Supreme Court of the United States is without jurisdiction to review if the nonfederal ground is independent of the federal ground and adequate to support the judgment. In the opinion it was said:

". . . This rule has become firmly fixed at least as early as *Klinger v. Missouri*, 13 Wall. 257, 263 (20 L. Ed. 635, 637), and has been reiterated in a long line of cases since that time. It is enough to cite, in addition to the *Klinger* case, the following: *Enterprise Irrigation District v. Canal Co.*, 243 U. S. 157, 163-165 (61 L. Ed. 644, 648, 649, 37 S. Ct. 318); *Petrie v. Nampa Irrigation District*, 248 U. S. 154, 157, (63 L. Ed. 178, 179, 39 S. Ct. 25); *McCoy v. Shaw*, 277 U. S. 302 (72 L. Ed. 891, 48 S. Ct. 519); *Eustis v. Bolles*, 150 U. S. 361 (37 L. Ed. 1111, 14 S. Ct. 131)." (l. c. 210.)

In *Williams v. Georgia*, 349 U. S. 375, 99 L. Ed. 1161, 75 S. Ct. 814, it was said:

"A state procedural rule which forbids the raising of federal questions . . . by any other than a prescribed method, has been recognized as a valid exercise of state power. . . ." (p. 382.)

See, also, *Ferguson v. Georgia*, 365 U. S. 570, 5 L. Ed. 2d 783, 81 S. Ct. 756, as tending to bear on this point. In *Beck v. Washington*, 369 U. S. 541, 549, 550, 8 L. Ed. 2d 98, 82 S. Ct. 955, it was said that Rule 43 of the Rules on Appeal, Revised Code of Washington, relating to appellate review of alleged error of the trial courts of that state which provides that "[n]o alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief" was a valid exercise of state power, and that the supreme court of the state of Washington was not required to search through an appellant's brief to find specific contentions which should have been raised within the "assignments of error."

We rest our decision in this case upon the appellant's failure to invoke and apply the adequate and easily complied-with rules of this court relating to appellate procedure and do not pass upon the merits of the case or upon the correctness of any of the rulings of the district court. Appellate jurisdiction in this instance was not invoked in accordance with those rules, and we here deny no federal right since there was no federal question before us for decision.

The judgment is affirmed.