KENNEBEC RAILROAD *v.* PORTLAND RAILROAD.

The court reasserts the principle that, in cases brought here by writs of error to the State courts, it will not entertain jurisdiction if it appears that, besides the Federal question decided by the State court, there is another and distinct ground on which the judgment or decree can be sustained, and which is sufficient to support it.

MOTION by *Mr. Artemas Libbey* (*Mr. A. G. Stinchfield op-posing*) to dismiss a writ of error to the Supreme Judicial

---

* Hamilton Co. *v.* Massachusetts, 6 Wallace, 636.

Court of the State of Maine; taken on an assumption that the case fell within the 25th section of the Judiciary Act, quoted *supra*, 5–6.

This motion had been delayed for some time by an effort on the part of the plaintiff in error to have the record so amended as to show that the State court decided against it one of the questions necessary to give this court jurisdiction; and to obviate this difficulty it was agreed by the parties here that the opinion of that court, delivered at the decision of the case, might be considered as though it were a part of the record.

The suit was a bill in chancery, brought by the Kennebec and Portland Railroad Company against the Portland and Kennebec Railroad Company, asserting the right to redeem the railroad and its appurtenances, which had passed from the former to the latter under what was supposed to be a foreclosure of a mortgage.

The plaintiff set up several grounds for this right to redeem, and he now alleged that one of the principal questions in the case was, that the law under which the foreclosure was had was passed after the mortgage was executed, and that the method of foreclosure prescribed by that statute impaired the obligation of the contract of mortgage, and was, therefore, void by the Constitution of the United States. And though it did not appear clearly from the pleadings or decree, or other proceedings in the case, that this question was involved, it appeared nevertheless that the question was discussed in one part of the opinion of the court, and that the court was of the opinion that the statute did not impair the obligation of the contract. The mortgage was made in 1852. The statute referred to was passed in 1857, and the foreclosure complained of was had shortly after. It appeared at the same time, however, in another part of the opinion, which was a very long one, covering thirty-three 8vo. pages, each much larger than those of these reports, and in a smaller type (long primer) than the body of these books is printed in—a part not referred to in any way by the plaintiff in error—that the court founded its judgment

upon the ground that the foreclosure was valid, because the method which was followed conformed exactly to the mode of foreclosure authorized when the contract was made, by the then laws.

Mr. Justice MILLER delivered the opinion of the court.

It has been repeatedly decided by this court that the opinion is no part of the record, and it is only by agreement of counsel and consent of the court that it can be looked into for such purpose. As the record, without the opinion, does not show that such a question was decided, we have examined the opinion with care, and have felt bound to look to the whole of it, as well as that part of it relied on by the plaintiff in error; and though the matter which the plaintiff now alleges was one of the principal questions in the case—to wit, that the law under which the foreclosure was had was passed after the mortgage was executed, and that the method of foreclosure prescribed by that statute impaired the obligation of the contract of mortgage, and was, therefore, void by the Constitution of the United States— does not clearly appear from the pleadings, or the decree, or any other proceedings in the case, yet it does appear that the question was discussed in the opinion of the court, and that the court was of the opinion that the statute did not impair the obligation of the contract.

If this were all of the case we should undoubtedly be bound in this court to inquire whether the act of 1857 did, as construed by the court, impair the obligation of the contract.*

But a full examination of the opinion of the court shows that its judgment was based upon the ground that the foreclosure was valid, without reference to the statute of 1857, because the method pursued was in strict conformity to the mode of foreclosure authorized, when the contract was made, by the laws then in existence.

Now, if the State court was right in their view of the law

---

* Bridge Proprietors v. Hoboken Company, 1 Wallace, 116.

as it stood when the contract was made, it is obvious that the mere fact that a new law was made does not impair the obligation of the contract. And it is also clear that this court cannot inquire whether the Supreme Court of Maine was right in that opinion..

Here is, therefore, a clear case of a sufficient ground on which the validity of the decree of the State court could rest even if it had been in error as to the effect of the act of 1857 in impairing the obligation of the contract. And when there is such distinct and sufficient ground for the support of the judgment of the State court we cannot take jurisdiction, because we could not reverse the case though the Federal question was decided, erroneously in the court below, against the plaintiff in error.*

The writ must, therefore, be

DISMISSED FOR WANT OF JURISDICTION.

---

* Rector *v.* Ashley, 6 Wallace, 142; Kingler *v* State of Missouri, 13 Id. 257; and Steines *v.* Franklin County, *supra*, 15.