MISSOURI & KANSAS INTERURBAN RAILWAY COMPANY *v.* CITY OF OLATHE, KANSAS. (No. 2.)

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 727.   Motion to dismiss.   Submitted November 13, 1911.—Decided December 4, 1911.

When the state court gives no effect to the subsequent law, but decides, on grounds independent of that law, that the right claimed was not conferred by the contract claimed to have been impaired, the case stands as though the subsequent law had not been passed and this court has no jurisdiction. *New Orleans Water Works* v. *Louisiana Sugar Refining Co.*, 125 U. S. 38.

Where a franchisee refuses to pay the agreed compensation on the ground that a subsequent ordinance deprived it of a part of the franchise granted, but the state court decides that it has had substantially everything and that compensation is due without regard to the part affected, no effect is given to the subsequent ordinance, no question of impairing the obligation of the contract is involved, and there being no Federal question this court has no jurisdiction under §§ 709, Rev. Stat.

THE facts are stated in the opinion.

*Mr. Frank Doster, Mr. A. F. Hunt, Jr., Mr. A. M. Harvey* and *Mr. J. E. Addington,* for plaintiffs in error.

*Mr. Stephen H. Allen* for defendant in error.

Memorandum opinion by direction of the court. By MR. JUSTICE HUGHES.

*Motion to dismiss.* The city of Olathe, Kansas, granted to the Railway Company, plaintiff in error, the privilege

of using certain streets for its railway, and the Railway
Company agreed to pay therefor the sum of $9,000 when
the road was completed. This suit was brought in Octo-
ber, 1908, to recover this amount and the Railway Com-
pany defended upon the ground that the road had not
been completed and hence that the money was not due. It
appeared that the company had built and was operating
its railway over the entire route save only a certain "turn
out," the construction of which the city prevented. On
the trial, evidence was received, over objection, of a reso-
lution adopted by the Mayor and Common Council on
March 21, 1910, pending the suit, which purported to set
aside their approval of the plans and specification so far
as the "turn out" was concerned. But the decision of the
court, which went for the city, was not in any sense based
on that. The trial court found the facts to be as follows:

"The map or ground plan of the said proposed railway
contained a red line indicating the main line of the said
railway, over the streets of said city, and in addition to
said main railway the Y on Santa Fe Street was indicated
on said map. The said map also contained a red line,
which indicated a contemplated turn out on East Park
Street near the State Institution. The specifications filed
with the City Clerk by the defendant company specifies
in detail the work therein named, but does not mention the
'turn out' above mentioned. The Mayor and members of
the City Council at the time did not know that the red
line above mentioned indicated the turn out claimed by
the defendant.

"On August 28th, 1907, the city brought an injunction
suit restraining the defendant company from laying the
said switch or turn out above mentioned, which suit is still
pending.

"The said Railway Company laid its main tracks, to-
gether with the Y on Santa Fe Street, and commenced op-
erating cars over the entire distance from some time in the

month of August, 1907, and has continued to use said track down to the present time, excepting the period of a few months when the operation of said railway was interrupted by changing from a motor car service to an electric service.

"The turn out above mentioned is not a necessary part of the construction of said road in order to reasonably operate the same throughout said city, and to the terminus, as provided in said ordinance.

"The road as contemplated by said franchise was substantially completed within the meaning of said franchise in the month of August, 1907."

Judgment, entered accordingly, was affirmed by the Supreme Court of the State, and the grounds of its decision are thus stated in its opinion:

"In brief, the question involved is whether the work to be done by the company under the franchise can be regarded as having been completed, in such sense as to make the payment of the $9,000 due, in view of the fact that the city has prevented the construction of the turn out. The company maintains that upon the acceptance of its specifications it acquired a contract right to build the turn out, which cannot be affected by any subsequent action of the city. The city contends that it cannot by contract divest itself of the power to control the use of the streets for the benefit of the public, and that the turn out, if constructed at the point designated, would unreasonably interfere with the use of the street as a highway. These matters need not be determined in this case. They are proper subjects for consideration in the injunction suit. In whatever way they may be determined we think the judgment here appealed from must be affirmed upon the ground that the work of the company authorized by the franchise has long since been substantially completed. The location of the turn out is a mere detail. The right of the company to construct it at the place selected can be determined in the

injunction action. A final judgment for the city in that proceeding will demonstrate that the stopping of work on the turn out was rightful and therefore could not be a just ground for the company's refusing to make the promised payment. If, on the other hand, it develops that the injunction was wrongfully issued the company's remedy for any consequent injury lies in seeking damages therefor, not in delaying payment of the amount agreed upon as the consideration for the granting of the franchise."

It thus plainly appears that the decision did not give effect to the subsequent resolution, which it is asserted impaired the obligation of the contract, but was placed distinctly upon the ground that without regard to that resolution, or to the question of the right of the company to construct the turn out, the money was payable, as the road had been substantially completed. The judgment would have been the same had the resolution not been adopted at all. No effect whatever has been given to it by the state court and this court is without jurisdiction to review its judgment. *Klinger* v. *Missouri*, 13 Wall. 257; *Kennebec Railroad* v. *Portland Railroad*, 14 Wall. 23; *New Orleans Water Works* v. *Louisiana Sugar Refining Company*, 125 U. S. 18; *Winona & St. Peter Railroad* v. *Plainview*, 143 U. S. 371, 392; *Eustis* v. *Bolles*, 150 U. S. 361; *Bacon* v. *Texas*, 163 U. S. 207; *New Orleans Water Works Company* v. *Louisiana*, 185 U. S. 336, 350. As was said by Mr. Justice Gray in *New Orleans Water Works* v. *Louisiana Sugar Refining Company* (125 U. S. pp. 38, 39): "But when the state court gives no effect to the subsequent law, but decides, on grounds independent of that law, that the right claimed was not conferred by the contract, the case stands just as if the subsequent law had not been passed, and this court has no jurisdiction."

*Dismissed.*