FOX FILM CORP. *v.* MULLER.

No. 47.   Argued November 15, 1935.—Decided December 9, 1935.

208

[redacted]

Mr. *Charles E. Hughes, Jr.*, with whom *Messrs. James D. Shearer* and *Percy Heiliger* were on the brief, for petitioner.

Mr. *Abram F. Myers*, with whom *Mr. Samuel P. Halpern* was on the brief, for respondent.

Mr. Justice Sutherland delivered the opinion of the Court.

This is an action brought in a Minnesota state court of first instance by the Film Corporation against Muller, to recover damages for an alleged breach of two contracts by which Muller was licensed to exhibit certain moving-picture films belonging to the corporation. Muller answered, setting up the invalidity of the contracts under the Sherman Anti-trust Act. It was and is agreed that these contracts are substantially the same as the one involved in *United States* v. *Paramount Famous Lasky Corp.*, 34 F. (2d) 984, aff'd 282 U. S. 30; that petitioner was one of the defendants in that action; and that the "arbitration clause," paragraph 18 of each of the contracts sued upon, is the same as that held in that case to be invalid. In view of the disposition which we are to make of this writ, it is not necessary to set forth the terms of the arbitration clause or the other provisions of the contract.

The court of first instance held that each contract sued upon violated the Sherman Anti-trust Act, and dismissed the action. In a supplemental opinion that court put its decision upon the grounds, first, that the arbitration plan is so connected with the remainder of the contract that the entire contract is tainted, and, second, that the con-

tract violates the Sherman Anti-trust law. The state supreme court affirmed. 192 Minn. 212; 255 N. W. 845. We granted certiorari, 293 U. S. 550; but, when the case was called for argument, it appeared that no final judgment had been entered and the writ was dismissed as improvidently granted. 294 U. S. 696. The case was then remanded to the state supreme court; and, the judgment having been made final, and again affirmed by the state supreme court on the authority of its previous opinion, 194 Minn. 654; 260 N. W. 320, we allowed the present writ. 295 U. S. 730.

In its opinion, the state supreme court, after a statement of the case, said (192 Minn. at p. 214):

" The question presented on this appeal is whether the arbitration clause is severable from the contract, leaving the remainder of the contract enforceable, or not severable, permeating and tainting the whole contract with illegality and making it void."

That court then proceeded to refer to and discuss a number of decisions of state and federal courts, some of which took the view that the arbitration clause was severable, and others that it was not severable, from the remainder of the contract. After reviewing the opinion and decree of the federal district court in the *Paramount* case, the lower court reached the conclusion that the holding of the federal court was that the entire contract was illegal; and upon that view and upon what it conceived to be the weight of authority, held the arbitration plan was inseparable from the other provisions of the contract. Whether this conclusion was right or wrong we need not determine. It is enough that it is, at least, not without fair support.

Respondent contends that the question of severability was alone decided and that no federal question was determined by the lower court. This contention petitioner challenges, and asserts that a federal question was involved and decided. We do not attempt to settle the dis-

pute; but, assuming for present purposes only that petitioner's view is the correct one, the case is controlled by the settled rule that where the judgment of a state court rests upon two grounds, one of which is federal and the other non-federal in character, our jurisdiction fails if the non-federal ground is independent of the federal ground and adequate to support the judgment. This rule had become firmly fixed at least as early as *Klinger* v. *Missouri*, 13 Wall. 257, 263, and has been reiterated in a long line of cases since that time. It is enough to cite, in addition to the *Klinger* case, the following: *Enterprise Irrigation District* v. *Canal Co.*, 243 U. S. 157, 163–165; *Petrie* v. *Nampa Irrigation District*, 248 U. S. 154, 157; *McCoy* v. *Shaw*, 277 U. S. 302; *Eustis* v. *Bolles*, 150 U. S. 361.

Whether the provisions of a contract are non-severable, so that if one be held invalid the others must fall with it, is clearly a question of general and not of federal law. The invalidity of the arbitration clause which the present contracts embody is conceded. It was held invalid by the federal district court in the *Paramount* case, and its judgment was affirmed here. The question, therefore, was foreclosed; and was not the subject of controversy in the state courts. In that situation, the primary question to be determined by the court below was whether the concededly invalid clause was separable from the other provisions of the contract. The ruling of the state supreme court that it was not, is sufficient to conclude the case without regard to the determination, if, in fact, any was made, in respect of the federal question. It follows that the non-federal ground is adequate to sustain the judgment.

The rule announced in *Enterprise Irrigation District* v. *Canal Co., supra,* and other cases, to the effect that our jurisdiction attaches where the non-federal ground is so interwoven with the other as not to be an independent

matter, does not apply. The construction put upon the contracts did not constitute a preliminary step which simply had the effect of bringing forward for determination the federal question, but was a decision which automatically took the federal question out of the case if otherwise it would be there. The non-federal question in respect of the construction of the contracts, and the federal question in respect of their validity under the Anti-trust Act, were clearly independent of one another. See *Allen* v. *Southern Pacific R. Co.*, 173 U. S. 479, 489–492. The case, in effect, was disposed of before the federal question said to be involved was reached. *Chouteau* v. *Gibson*, 111 U. S. 200; *Chapman* v. *Goodnow*, 123 U. S. 540, 548. A decision of that question then became unnecessary; and whether it was decided or not, our want of jurisdiction is clear.

*Writ dismissed for want of jurisdiction.*

The CHIEF JUSTICE took no part in the consideration or decision of this case.