David T. Gibbons, J.
During the course of this Huntley-Miranda proceeding in a murder prosecution, a motion was made by counsel for the defendant to strike, on this hearing, the testimony of Dr. Harold Zolan, a psychiatrist, who testified *958 herein on behalf of the People in relation to the issue of the defendant’s sanity as it may have affected several alleged confessions of the defendant.
While in the custody of the police department, and after certain inculpatory statements were allegedly made by defendant, the defendant, (before his arraignment) was interviewed by Dr. Zolan at Nassau County Police Headquarters. Dr. Zolan told him that he was a psychiatrist engaged by the District Attorney to examine him, and that he did not have to speak with him unless he wished to do so. He testified that the defendant told him he was willing to talk to him. In the course of this conversation the defendant recounted, in detail, how he committed the crime. Dr. Zolan testified that he was able to determine the defendant’s mental state, prevailing at the time he gave the alleged confessions, from the facts revealed by the defendant during this examination.
After careful consideration to strike, the court denies the motion for the following reasons.
The doctor’s testimony concerning what was related to him by the defendant during this pre-arraignment in-custody psychiatric examination is not deemed on this hearing to be testimonial revelations on the part of the defendant. The sole purpose of the conversation between the psychiatrist and the defendant was to afford the doctor an opportunity to establish an opinion as to the defendant’s mental condition based merely on his responses to the doctor’s questions.
A defendant’s oral responses are but ‘ ‘ verbal acts” which may reveal to a witness trained in the act of psychiatry, the mental state of the defendant. (United States v. Baird, 414 F. 2d 700, 711.)
In this Huntley hearing where the prime issue is the voluntariness of the defendant’s alleged confession, the court may consider the doctor’s testimony as it may relate to the defendant’s sanity at the time of the alleged confessions. The court, however, cannot on this hearing, and does not, consider this testimony on the issue of guilt or innocence of the defendant, which is not now before the court.
In People v. Al-Kanani (31 A D 2d 838) to which the court’s attention has been drawn, similar psychiatric testimony was improperly received and the conviction was reversed because the conversations took place after the defendant had been arraigned. He was then represented by counsel, and the conversation between the doctor and the defendant was the subject of the doctor’s testimony at the trial where the question of the defendant’s guilt or innocence was in issue. In Al-Kanani it *959 was held that since the examination was conducted in the absence of defendant’s counsel, his rights under the Fifth, Sixth and Fourteenth Amendments of the Constitution were violated. Here the interview took place before arraignment.
In the instant case, the testimony of the defendant’s disclosures made during the psychiatric examination are being received by the court only on the issue of voluntariness and whether there was compliance with the requirements of Miranda v. Arizona (384 U. S. 436), and nothing else. No statement made by an accused during a psychiatric examination can be used in evidence against him on the issue at the trial, of guilt or innocence. (United States v. Albright, 388 F. 2d 719, 725.)
On a Huntley hearing the Judge has the faculty of considering such evidence which is admissible only upon the special issue of voluntariness and compliance with the Mir anda-Arizona standards to which issues such proceeding is particularly limited. The exclusion of ‘ ‘ verbal acts” prompted by a psychiatrist are no more mandated than would be an encephalogram or a blood sample taken to determine brain damage or intoxication as they relate to voluntariness of a confession. There is no violation of the defendant’s Fifth, Sixth or Fourteenth Amendment rights. (Schmerber v. California, 384 U. S. 757.)
The motion to strike is accordingly denied, and it is therefore, ordered, that defendant’s motion to strike the testimony of Dr. Harold Zolan in this Huntley-Miranda proceeding, is denied.