PEOPLE *v* STEVENS

1. CRIMINAL LAW—PSYCHIATRIC EXAMINATION—MENTAL CAPACITY—SELF-INCRIMINATION.

  The purpose of a court ordered psychiatric examination is not to determine whether a defendant did or did not do the criminal acts charged, but whether he possessed the requisite mental capacity to be criminally responsible therefor, if other proof establishes that he did do them; so limited, nothing in the examination, over a defendant's objection, violates his privilege against self-incrimination.

2. CRIMINAL LAW—PSYCHIATRIC EXAMINATION—EVIDENCE.

  No statement made by an accused in the course of a court ordered psychiatric examination should be admitted in evidence on the issue of guilt at the accused's trial.

3. CRIMINAL LAW—APPEAL AND ERROR—PSYCHIATRIST—PSYCHIATRIC EXAMINATION—ADMISSIONS.

  The trial court committed reversible error in allowing a court-appointed psychiatrist to testify that defendant admitted the crime in question where the psychiatrist testified, over the objection of defense counsel, that defendant made the admission in the course of his examination of defendant and the testimony of the psychiatrist was of critical importance.

REFERENCE FOR POINTS IN HEADNOTE
[1–3] 29 Am Jur 2d, Evidence § 554.

Appeal from Court of Appeals, Division 1 Holbrook, P. J., and McGregor and Bronson, JJ., affirming Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted October 7, 1971. (No. 11 October Term 1971, Docket No. 53,072.) Decided February 25, 1972.

18 Mich App 28 reversed.

James Stevens was convicted of carnal knowledge of a female person and robbery armed. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Emmett S. Long,* for defendant.

SWAINSON, J. Defendant was arraigned on the charges of carnal knowledge of a female person[1] and robbery armed,[2] in July 1964. He stood mute and a not guilty plea was entered. Assigned counsel filed petition for the appointment of a sanity commission under MCLA 767.27; MSA 28.967. Such sanity commission was appointed, examination made, and upon hearing and report filed, defendant was found to be psychotic and was committed to the Ionia State Hospital until cured or otherwise discharged.

In February 1966, the medical superintendent of Ionia State Hospital certified defendant to be sane

[1] MCLA 750.520; MSA 28.788.
[2] MCLA 750.529; MSA 28.797.

and able to stand trial. He was subsequently returned to the Wayne County jail to await further disposition. There he was examined in April 1966 by Dr. Albert J. Wallaert (who was a member of the sanity commission which examined defendant in 1964), and declared able to stand trial.

Counsel for defendant filed notice of defense of insanity and listed the three members of the sanity commission as witnesses.

Defendant waived jury trial, and on February 27, 1967, trial began in Recorder's Court. Dr. Wallaert, as witness for the people, testified at length concerning his interviews with defendant, both in 1964 and 1966. In answer to a question from the court concerning the 1964 examination, he stated that because defendant could not remember the day of the offense, "we had no alternative but to send him to Ionia"; that in 1964 he was of the opinion defendant was sane and that the commission's report contained the statement: "Although the validity of his 'illness' was questionable, the patient left a Sanity Commission no alternative but to find him psychotic." Over objection of defense counsel, Dr. Wallaert testified as to the 1966 examination:

"Well, when he got back from Ionia he states he is better now and that he admits remembering sexually assaulting and robbing the complainant."

Defendant testified that after joining a therapy group at Ionia State Hospital he "found out that the only way you can get out is to know something about your case"; that he thereafter admitted knowledge of the crime in an effort to get a staff hearing and be released for trial.

Two doctors from the medical staff of Ionia State Hospital testified as to defendant's instability and the question of his sanity or insanity.

On April 21, 1967, defendant was found guilty and sentenced to life imprisonment. The Court of Appeals affirmed the conviction (18 Mich App 28). We granted leave to appeal. 384 Mich 791.

The issue involved here is a narrow one. It is whether a statement made by a defendant in the course of his examination by a court appointed psychiatrist should be admitted into evidence on the issue of defendant's guilt?

It is clear that the testimony of the psychiatrist concerning information given by defendant was of critical importance in this case. At the close of the doctor's testimony, defense counsel moved for directed verdict on the grounds that the people had not proved beyond a reasonable doubt that the offense had occurred or that defendant was the person committing the offense. The court in denying the motion stated:

"May I say, Mr. Long, that *without the additional testimony of Dr. Wallaert, the Court would have felt that it was not sufficient;* however, in this case—was not sufficient to establish the defendant's guilt beyond a reasonable doubt; however, the Court also feels that *by the testimony of Dr. Wallaert,* this defendant has been sufficiently tied to the case to make a prima facie case; the *motion is denied.*" (Emphasis added.)

In a recent case, *People v Martin,* 386 Mich 407 (1971), our Court dealt with the issue of court ordered psychiatric examinations. Justice ADAMS, writing for the Court, held that when a defendant pleaded not guilty by reason of insanity he must submit himself to examination by a court appointed psychiatrist. Justice ADAMS stated (p 428):

"We adopt the reasoning of the Court in *Albright* and hold that when a defendant pleads not guilty by

reason of insanity, he must submit himself to examination by the people's experts as ordered by the trial court 'to obtain knowledge not about facts concerning defendant's participation in the criminal acts charged, but about facts concerning a defendant which are themselves material to the case'."

*Albright* refers to *United States* v *Albright*, 388 F2d 719 (CA 4, 1968), which was quoted at length by Justice ADAMS in *Martin, supra,* at pages 427–428. *Albright* deals with the same issue that is involved in this case. The Court stated in *Albright* (p 725):

"Lastly, we comment that the purpose and result of the examination is not 'the cruel, simple expedient of compelling it [incriminating evidence] from his own mouth.' To repeat an earlier statement, the purpose of the examination is not to determine whether a defendant did or did not do the criminal acts charged, but whether he possessed the requisite mental capacity to be criminally responsible therefor, if other proof establishes that he did do them. So limited, we find nothing in the examination, over a defendant's objection, to violate a defendant's privilege against self-incrimination.

"When an examination is conducted pursuant to 18 U.S.C.A. § 4244, the statute is quite specific that no statement made by the accused in the course of examination shall be admitted in evidence on the issue of guilt in any criminal proceeding. This is due recognition that infringement of the privilege may result if the disclosure made by a defendant in the course of examination touching upon his guilt are used against him. *Even if an examination is required, not under 18 U.S.C.A. § 4244, but under a court's inherent power to require an examination, the same recognition should be given to the privilege.*" (Emphasis added.)

The reasoning of *Albright* was recently adopted by the New York Court of Appeals in *Lee* v *County*

*Court of Erie County,* 27 NY2d 432; 318 NYS2d 705 (1971), where the Court stated (pp 441–442):

"Lest there be any doubt, we are not saying that because of this waiver, the psychiatrist is a competent witness on all matters concerning the commission of the crime. A defendant's waiver of privilege because of his plea of insanity only permits the physician to testify as to the facts which formulate the basis of his medical opinion on the question of sanity. * * * This is not to say, however, that any admission as to the crime in question can be considered by the jury in their determination of whether the defendant committed the acts which constitute the crime charged. *Nor shall the District Attorney be permitted to use the psychiatric examination as a source of evidence which would be relevant on the issue of guilt.*"[3]

The Court of Appeals in *People v Sammy Martin,* 26 Mich App 467 (1970), also found the reasoning of of the *Albright* decision persuasive. The Court, after quoting from *Albright,* stated (p 473):

"Despite the fact that a majority of those jurisdictions addressing themselves to the precise question now facing this Court have ruled that there exists an inherent right to order psychiatric examinations under appropriate circumstances, limits are placed upon the latitude of the examination as well as the resulting expert testimony in order to avoid clear violation of the right against self-incrimination. If the accused is ordered to submit to an interview conducted by court appointed psychiatrists, it is incumbent upon the court to insure that the resulting testimony be limited to the expression of an opinion of the accused's sanity. *Any inculpatory statements made by the defendant during the inter-*

---

[3] See, also *People v McKinney,* 62 Misc 2d 957, 959; 310 NYS2d 518, 520 (County Court, New York, 1970), which also relied on *Albright.*

*view are not competent as admissions on the issue of his guilt.* However, in the course of the psychiatric examination, questions relating to the commission of the crime are not improper, if in the opinion of the expert such questions and the related answers are necessary in the formulation of an opinion regarding the accused's mental condition." (Emphasis added.)

We agree with the reasoning of the *Albright* court and hold that no statement made by an accused in the course of a court ordered examination shall be admitted in evidence on the issue of guilt at the accused's trial. We hold that the trial court committed reversible error in allowing Dr. Wallaert to testify that defendant admitted the crime in question. The judgment is reversed and the cause is remanded for a new trial.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.