PEOPLE v BROWN

CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT AGAINST SELF-INCRIMI-
NATION—EVIDENCE—PSYCHIATRIC EXAMINATION—DEFENSES—
INSANITY—INTOXICATION.

A defendant's right against self-incrimination was not violated by
allowing a court-appointed psychiatrist to testify in rebuttal to
the testimony of a defense psychiatrist where the defendant
had originally undergone examination by court order because
he had given notice of the defense of insanity, and later
changed his defense to one of intoxication, and where the
psychiatrist's testimony was offered solely to rebut the claim
that defendant was suffering from alcohol and drug induced
amnesia at the time of the crime and did not extend to any
other statements made by the accused in the course of the
court-ordered examination.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 June 13, 1974, at Detroit. (Docket No. 16376.) Decided August 15, 1974.

Otis Brown was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *William P. Weiner,* Special Assistant Attorney General, of counsel), for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 48, 69, 357.

Before: J. H. GILLIS, P. J., and ALLEN and EL-
LIOTT,* JJ.

PER CURIAM. Defendant was tried and found
guilty by a jury of assault with intent to commit
murder, MCLA 750.83; MSA 28.278, and was sen-
tenced to 14 to 60 years in prison. He appeals as of
right.

This action arises out of a March 10, 1972
shooting incident in which defendant allegedly
shot his former girl friend twice in the head. Prior
to trial, defendant filed a notice of insanity de-
fense. At the prosecution's request, the trial court
ordered defendant to submit to an examination by
the people's psychiatrist, Dr. Clifford Keeler. The
examination took place August 11, 1972.

However, defendant concluded that an insanity
defense was not feasible, and instead sought to
establish an intoxication defense. Defendant testi-
fied that he had been drinking and taking drugs
continuously during the 12 hours before the shoot-
ing, and that, consequently, he did not remember
any of the criminal acts he allegedly committed.
In support of this claim a defense psychiatrist
testified that he concluded from his examination of
defendant that defendant had suffered from liquor
and drug induced amnesia on March 10, 1972.

The prosecution then called Dr. Keeler as a
rebuttal witness. He testified that defendant indi-
cated to him during the court-ordered psychiatric
examination that he had not been drinking or
consuming drugs during the 24 hours preceding
the shooting. Dr. Keeler further testified that he
thought defendant's inability to remember his
criminal acts was a mental defense mechanism for
coping with the situation.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant contends that it was reversible error to permit Dr. Keeler to testify as to matters learned during the psychiatric examination, because he was ordered to examine defendant only with regard to the insanity defense and that defense was not asserted at trial. It is argued that to permit the prosecution to make use of this examination for a purpose other than that for which it was originally ordered violates defendant's right against self-incrimination.

There is no authority to support defendant's sweeping proposition. Admittedly, it has been held that,

"no statement made by an accused in the course of a court ordered examination shall be admitted in evidence on the issue of guilt at the accused's trial." *People v Stevens,* 386 Mich 579, 585; 194 NW2d 370, 373 (1972).

*Stevens* is mandated by the right against self-incrimination. However, neither this right, any other constitutional provision, nor public policy requires that we extend the ban on the use of statements from court-ordered psychiatric examinations to the situation in the instant case. The prosecution psychiatrist's testimony was offered solely for the purpose of rebutting the defense's claim that defendant was suffering from alcohol and drug induced amnesia at the time of the assault. His testimony went no further than was necessary to rebut that claim. Dr. Keeler did not testify about the commission of the crime; no statements of the defendant concerning the shooting were admitted into evidence. We hold that it was not error to allow the prosecution psychiatrist to testify in rebuttal to defendant's claim of intoxication.

We have reviewed defendant's other assignments of error and find them without merit.
Affirmed.