Owen Duane NUNNEMAKER,
Petitioner–Appellant,

v.

Eddie S. YLST, Respondent–Appellee.

No. 89–15050.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 1989.*

Decided Feb. 21, 1990.

As Amended on Denial of Rehearing and
Rejection of Rehearing En Banc
May 25, 1990.

Juliana Drous, San Francisco, Cal., for petitioner-appellant.

Ronald E. Niver, Deputy Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

PREGERSON, Circuit Judge:

Owen Duane Nunnemaker, a California state prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. A California jury convicted Nunnemaker of first degree murder under Cal.Penal Code § 187. At trial, a psychiatrist called by the state prosecutor gave testimony on statements made by Nunnemaker in a post-arrest interview. Nunnemaker contends that the admission of the psychiatrist's testimo-

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

ny violated his Fifth and Sixth Amendment rights, that his Fifth and Sixth Amendment claims are not barred by procedural default, and that he received ineffective assistance of counsel. In light of the Supreme Court's recent decision in *Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), decided after the district court ruled on Nunnemaker's petition, we reverse in part and remand the case to the district court for consideration of Nunnemaker's Fifth and Sixth Amendment challenges to his conviction. We affirm the district court's judgment that Nunnemaker was not deprived of effective assistance of counsel.

## BACKGROUND

On January 30, 1976, Owen Duane Nunnemaker was convicted in California state court of first degree murder. He was sentenced to life in prison.

At trial, Nunnemaker introduced expert testimony to establish a diminished capacity defense then available under California law. To rebut this testimony the state prosecutor called as a witness a psychiatrist who interviewed Nunnemaker two days after his arrest. At the time of the interview, Nunnemaker was told that the psychiatrist was working for the prosecution. Nunnemaker, however, was not informed that he had the right to remain silent and the right to an attorney. At trial, defense counsel made several specific objections to certain statements made by the state's psychiatrist, but failed to challenge the entire testimony on the grounds that it was based on an interview conducted in violation of Nunnemaker's Fifth and Sixth Amendment rights.

On direct appeal to the California Court of Appeal, Nunnemaker raised for the first time his federal constitutional challenges to the testimony of the state's psychiatrist. Affirming the conviction, the state appellate court expressly avoided these challenges and held that "the failure to interpose an objection during trial preclude[d its] consideration on review." The state appellate court, however, considered on the merits—and rejected—Nunnemaker's ineffective assistance of counsel claim. On direct appeal, the California Supreme Court denied Nunnemaker's petition for hearing, without comment or case citation, on September 27, 1978.

Nunnemaker petitioned the California courts for a writ of habeas corpus. In his habeas petitions, he raised, among other claims, his federal constitutional challenges to the testimony of the state psychiatrist and his ineffective assistance of counsel claim. His petitions were denied.[1]

Nunnemaker then filed a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of California. The district court dismissed the petition without prejudice because the petition did not make clear whether all state remedies had been exhausted.[2] Nunnemaker filed a second petition for habeas relief in the California Supreme Court, arguing again that his statements to the

---

1. The Sonoma County Superior Court denied Nunnemaker's petition on February 25, 1985. The California Court of Appeal for the First Circuit denied his petition in late 1985. The California Supreme Court denied his first petition on December 3, 1986, and his second petition on April 7, 1988.

2. The district court stated:

   The petition is not entirely clear as to the procedural history of this matter. Petitioner states that none of his claims were raised by way of direct appeal in the California courts. However, petitioner did present these and other claims to the California Court of Appeal and Supreme Court by way of a habeas petition. The California Supreme Court denied the petition, citing *In re Waltreus*, 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965) and *In re Swain*, 34 Cal.2d 300, 304, 209 P.2d 793 (1949). These citations are cryptic. *Waltreus* holds that arguments rejected on appeal will not be reviewed again in habeas; thus the implications of this citation contradict petitioner's assertion that he did not raise these claims on appeal. *Swain*, in contrast, holds that habeas claims not pleaded with sufficient particularity must be dismissed without prejudice. This latter citation implies that at least some of petitioner's claims were not presented on appeal, and the California Supreme Court declined to consider their merits on procedural grounds.

   As to any claims raised on appeal to the state and rejected on the merits, petitioner has exhausted his state remedies and this court can hear his habeas petition.... However, any claims not raised on appeal, and whose merits the state courts have not considered on habeas, must be dismissed....

   District Court Order, September 8, 1987, at 2.

state prosecution psychiatrist were "clearly inadmissible," and stating in greater particularity his claim of ineffective assistance of counsel. That petition was also denied, without comment or case citation, by the California Supreme Court on April 7, 1988.

Nunnemaker filed another federal habeas petition. The district court issued an Order to Show Cause on July 8, 1988. On December 9, 1988, the district court denied the petition. The court held that Nunnemaker's state procedural default barred review of the Fifth and Sixth Amendment challenges to the prosecution's psychiatrist's testimony, and that Nunnemaker had not been deprived of effective assistance of counsel.

Nunnemaker filed a timely notice of appeal. This court has jurisdiction over the district court's final order under 28 U.S.C. § 2253.

## STANDARD OF REVIEW

■ We review the district court's denial of habeas corpus relief de novo. *McKenzie v. Risley,* 842 F.2d 1525, 1531 (9th Cir.) (en banc), *cert. denied,* 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). The question whether Nunnemaker was deprived of effective assistance of counsel is a mixed question of fact and law reviewed de novo. *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984); *Deutscher v. Whitley,* 884 F.2d 1152, 1155 (9th Cir.1989).

## DISCUSSION

### I. *Procedural Bar*

This case presents the issue whether the California Supreme Court's denial of an original petition for writ of habeas corpus without comment or case citation constitutes a "plain statement" sufficient to establish the procedural default bar of federal habeas review under the Supreme Court's recent decision in *Harris v. Reed,* 109 S.Ct. 1038. We hold that it does not.

The Supreme Court has held that a state prisoner barred by procedural default from raising a federal constitutional claim in state court "could not litigate that claim in

a § 2254 habeas corpus proceeding without showing cause for and actual prejudice from the default." *Engle v. Isaac,* 456 U.S. 107, 110, 102 S.Ct. 1558, 1562, 71 L.Ed.2d 783 (1982) (citing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). In *Harris v. Reed,* the Supreme Court applied this rule, but held that "a federal claimant's [state] procedural default precludes federal habeas review ... only if the *last* state court rendering a judgment in the case rests its judgment on the procedural default." 109 S.Ct. at 1043 (emphasis added). The Court explained that *Wainwright v. Sykes'* holding that a state procedural default may bar federal habeas review is based on the adequate and independent state ground doctrine, under which the Court "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Id.* at 1042 (citing *Fox Film Corp. v. Muller,* 296 U.S. 207, 210, 56 S.Ct. 183, 184, 80 L.Ed. 158 (1935); *Murdock v. City of Memphis,* 20 Wall. 590, 635–36, 22 L.Ed. 429 (1875)). The Court in *Harris* applied the " 'plain statement' rule" of *Michigan v. Long,* 463 U.S. 1032, 1042 and n. 7 [103 S.Ct. 3469, 3477 and n. 7, 77 L.Ed.2d 1201], to state prisoner cases on federal habeas review, and held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985)).

■ Under *Harris,* then, a procedural default bars review in federal habeas proceedings only if the last state court ruling on a case states the basis of its decision. Procedural default alone does not bar federal review; the state court's ruling must have been *based,* at least in part, on an "adequate and independent" state procedural rule. *Harris v. Reed,* 109 S.Ct. at 1042. *Harris* undertakes to resolve the

**476**

problem—often faced by district courts—of discerning from an ambiguous state court ruling the basis of a decision to deny habeas relief to a state prisoner raising federal constitutional claims. The plain statement requirement ensures that federal courts will decline to review state prisoners' federal constitutional claims only where required by the interests of comity.[3]

■ Here, the California Supreme Court was the "last state court to render judgment in the case" because Nunnemaker's last filing with that court was an *original habeas petition* raising again his Fifth Amendment challenge to the state psychiatrist's testimony.[4] That court did not clearly and expressly state its reliance on Nunnemaker's procedural default when it denied his final habeas petition. The petition raised Nunnemaker's objection to the testimony of the state's psychiatrist and Nunnemaker's ineffective assistance of counsel claim. From the record before us, we cannot say that the California Supreme

Court's denial of Nunnemaker's final petition, without comment or case citation, was based on a procedural default rather than on the underlying merits of Nunnemaker's claims. The rationale and plain language of *Harris* require that, where, as here, a state supreme court does not plainly state in its summary denial of an original habeas petition that its ruling rests on a state procedural bar, federal habeas review is not precluded.[5]

In fact, the Supreme Court discussed in *Harris* the issue now before us. The Court addressed concerns raised over the burden the plain statement requirement would place on state courts ruling on habeas petitions. The Court stated that "a state court that wishes to rely on a procedural bar rule in a one-line *pro forma* order easily can write that 'relief is denied for reasons of a procedural default.'" *Harris v. Reed,* 109 S.Ct. at 1044 n. 12. The California Supreme Court did not do that in this case.

*McQuown* does not affect the present case, because the California Supreme Court denied Nunnemaker's *original habeas petition* on April 7, 1988. That ruling was a "judgment" under *Harris,* and was the last rendered by a state court in Nunnemaker's case. We do not now address the question whether, in light of *Harris v. Reed,* the California Supreme Court's summary denial of a *petition for hearing* on a denial of habeas relief based on a procedural rule bars federal habeas review. Our holding is expressly limited to cases in which the California Supreme Court denies, without comment or case citation, original habeas petitions.

---

**3.** Where comity does not require it, federal courts should not deny review. "[T]he federal courts ... have a primary obligation to protect the rights of the individual that are embodied in the Federal Constitution." *Harris v. Reed,* 109 S.Ct. at 1045 (Stevens, J., concurring).

**4.** Under California law, a state prisoner seeking collateral review of his or her conviction may file separate, independent habeas petitions in the superior court, court of appeal, and supreme court. Cal.Penal Code § 1475. In addition, however, a state prisoner whose habeas petition is denied in the court of appeal may file a petition for review of that denial in the California Supreme Court. Cal.Penal Code § 1506. In *McQuown v. McCartney,* 795 F.2d 807, 809–10 (9th Cir.1986), we held that when a habeas case is before the California Supreme Court on a *petition for hearing,* rather than as an *original habeas petition,* a summary denial by the state supreme court is not a decision on the merits of the petition. *See also Tacho v. Martinez,* 862 F.2d 1376, 1378–80 (9th Cir.1988) (applying *McQuown* and holding that the Arizona Supreme Court's *denial of review* of a trial court denial of habeas relief without case citation or comment was not a decision on the merits). *Cf. Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir.1976) ("Where a petition for a writ of habeas corpus presenting a federal constitutional question is denied by a state court with no reason given, we will assume that the state court has had an opportunity to pass upon the merits of the issue and has resolved it against the petitioner.").

**5.** In *Ellis v. Lynaugh,* 873 F.2d 830, 838 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989), the Fifth Circuit held that, where a state trial court denied habeas relief on state procedural default grounds but the appellate court "denied relief without written order," federal review of the petitioner's claims was barred by the procedural default. It is not clear, however, whether the state appellate court in *Ellis v. Lynaugh* summarily affirmed the trial court's denial of habeas relief or petition for review, see Tex.Crim.Proc.Code Ann. § 4.04.2 (1987), or denied an *original habeas petition. See* Tex.Crim.Proc.Code Ann. § 4.04.1 (1987); *see also Ellis v. Lynaugh,* 873 F.2d at 838. Because our decision in this case rests on the fact that the California Supreme Court summarily denied Nunnemaker's *original habeas petition,* we express no opinion on the Fifth Circuit's decision in *Ellis v. Lynaugh.*

The district court carefully reviewed Nunnemaker's habeas petitions, but did not have the benefit of the Supreme Court's later clarification of federal habeas law in *Harris*. We hold that the district court was not barred from reviewing Nunnemaker's federal constitutional claims concerning the testimony of the state's psychiatrist.

## II. *Ineffective Assistance of Counsel*

Nunnemaker also contends that he was deprived of effective assistance of counsel, and that federal habeas relief should be granted for that reason.[6] This Sixth Amendment ineffective assistance of counsel claim is based on Nunnemaker's trial counsel's failure to object to the admission of the state psychiatrist's testimony on Fifth and Sixth Amendment grounds. The district court concluded that "[d]efense counsel was clearly acting as the 'counsel' guaranteed by the Sixth Amendment." We agree.

An ineffective assistance of counsel claim has two components:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A convicted defendant complaining of the ineffectiveness of counsel's assistance must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064.

■ The trial record demonstrates that Nunnemaker's counsel vigorously objected to parts of the psychiatrist's testimony on various grounds. Further, because the

state's psychiatrist was subject to potentially damaging cross-examination, trial counsel's decision to allow the testimony, make specific objections, and impeach the witness on bias and credibility grounds may well have been a sound trial tactic.[7]

Nunnemaker has not shown that his trial counsel's performance "was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 687, 104 S.Ct. at 2064 (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970)).

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED in part and REVERSED and REMANDED in part.

■■■■■■■■■■■■■■■■■■

---

**6.** Nunnemaker raised this claim on direct appeal in the state court proceedings, and the state appellate court decided the merits of the claim. The state has made no argument that this claim was not properly before the district court. The district court correctly reached the ineffective

assistance claim in its review of Nunnemaker's habeas petition.

**7.** This was the conclusion reached by the state appellate court on direct appeal.