**Jack R. KRUM, Petitioner,**

v.

**James THOMAS, et al., Respondents.**

**No. CIV 91–555 PHX SMM.**

United States District Court,
D. Arizona.

Sept. 4, 1991.

---

**564**

Jack R. Krum, pro se.

No appearance, for respondents.

### ORDER

McNAMEE, District Judge.

Petitioner Jack R. Krum is confined at the Arizona State Prison Rincon Unit in Tucson, Arizona. Krum filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 *in forma pauperis.* On April 18, 1991, this Court dismissed the petition for writ of habeas corpus because Krum failed to exhaust his state court remedies.

Krum has filed a "Motion for Appeal to the Ninth Circuit Court of Appeals." The Court will treat the motion as a request to issue a certificate of probable cause so his case may proceed to the Ninth Circuit.

When a criminal matter is commenced in the state court system, our system of dual federalism requires state courts to have the opportunity in the first instance to protect the rights of the accused against infringement of both their state and federal rights. *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977) (citing *Fox Film Corp. v. Muller,* 296 U.S. 207, 56 S.Ct. 183, 80 L.Ed. 158 (1935)). A prisoner attacking his state conviction must exhaust available state remedies on all federal claims raised in a petition for writ of habeas corpus before a federal court will entertain his action. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir.1983). To exhaust his state remedies, a petitioner must fairly present all issues raised in the petition to the highest state court to provide that court with an opportunity to rule on the merits of the petitioner's federal claims. *Middleton v. Cupp,* 768 F.2d 1083, 1086 (9th Cir.1985), *cert. denied,* 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986); *McQuown v. McCartney,* 795 F.2d 807, 809 (9th Cir.1986).

Krum contends that the Arizona Supreme Court's decision in *State v. Sandon,*

161 Ariz. 157, 777 P.2d 220 (1989) absolves him of his responsibility to pursue all available state remedies, including a first petition for post-conviction relief. In *Sandon,* the court stated "[o]nce the defendant has been given the appeal to which he has a right, state remedies are exhausted." *Id.* at 158, 777 P.2d at 221. In making that statement, the *Sandon* court was referring to both a criminal defendant's direct appeal and the defendant's first petition for post-conviction relief. The court stated:

> In addition to this guaranteed direct appeal, any person who has been convicted of, or sentenced for, a criminal offense in this state may institute a post-conviction proceeding pursuant to Rule 32 to secure relief on the grounds set out in the rules, without payment of any fee, and with an absolute right to be represented by counsel, appointed or retained, in the first of such petitions.

*Id.* Based on the Arizona Supreme Court's statements, this Court applies *Sandon* for the limited purpose of determining whether further state remedies are available for the presentation of a federal habeas corpus petitioner's federal claims.

■ Although the Arizona Supreme Court may have held state remedies were exhausted in the sense they no longer were available, *Sandon* is not dispositive of this Court's inquiry into whether a federal habeas corpus petitioner has fairly presented his federal claims to the state courts for review. *See Jennison v. Goldsmith,* 940 F.2d 1308 (9th Cir.1991). The problem in interpreting *Sandon* and many other federal habeas corpus cases is the ambiguous use of the words "exhaustion" and "exhausted." Courts have attached two meanings to these words in habeas cases. The generally accepted meaning of "exhaustion" and "exhausted" in habeas cases refers to a petitioner's presentation of federal claims to the state's highest court. *See, e.g., Rose v. Lundy,* 455 U.S. at 515–16, 102 S.Ct. at 1201–02. However, courts also have used those words to refer to the availability of state remedies when the federal court is considering whether to send a petitioner back to the state courts to present his federal claims. *See Harris v. Reed,* 489

U.S. 255, 109 S.Ct. 1038, 1046–47, 103 L.Ed.2d 308 (1989) (O'Connor, J., concurring) (sending habeas petitioners back to exhaust state remedies when remedies have expired creates game of "judicial ping pong"). When courts determine state remedies no longer are available, they often state that the petitioner's state remedies have been "exhausted." *See Matias v. Oshiro,* 683 F.2d 318, 319–20 (9th Cir.1982). Perhaps a better way to describe a lack of available state remedies would be to state that a petitioner's state remedies have "expired" or otherwise no longer are available.

■ Krum's reliance on *Sandon* in support of his contention that he exhausted his state remedies is misplaced. Nothing in *Sandon* supports Krum's argument that he has exhausted his state remedies in the sense that he fairly presented his claims to Arizona's highest court. What Krum fails to perceive in this case is the Court is benefitting him by allowing him to continue with his case. When a petitioner has not exhausted his remedies in the sense that he has not fairly presented them to the state's highest court, federal courts will give the petitioner an opportunity to return to state court and fairly present the federal claims.

■ On the other hand, if state remedies also have expired, the Court is bound to dismiss the petition with prejudice unless the petitioner can show cause for his failure to present the federal claims in state court and actual prejudice flowing from the alleged error. *Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986); *Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984). In extremely limited circumstances, when it appears the petitioner is innocent of the charges, the federal courts will consider whether a fundamental miscarriage of justice has occurred. The federal courts have crafted the law of "procedural default" out of respect for the states' rights to enforce their procedural rules. *See Harris,* 109 S.Ct. at 1042–44; *Wainwright v. Sykes,* 433 U.S. at 81, 97 S.Ct. at 2503. If Krum's state remedies had expired, this Court would be bound to dismiss his petition with

prejudice unless Krum could demonstrate cause and prejudice for his procedural default. Fortunately for Krum, that is not the case.

 In this case, Krum has not fairly presented his federal claims to Arizona's highest court. Krum still has state remedies available because he may file a petition for postconviction relief; therefore, his state remedies have not expired. Nothing in this case indicates presentation of Krum's claims in a petition for postconviction relief would be futile. *Cf. Jennison v. Goldsmith*, 940 F.2d at 1312 n. 7 (9th Cir. 1991). In addition, no Arizona court has held that Krum is procedurally barred from presenting his federal claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). The procedural history in *Johnson* is practically identical to the history of this case. The Court of Appeals for the Ninth Circuit remanded the case for dismissal without prejudice to give the petitioner the opportunity to present his federal claims in a petition for postconviction relief. *Id. Johnson* controls the outcome in this case.

28 U.S.C. § 2253 provides, in pertinent part: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the ... judge who rendered the order ... issues a certificate of probable cause." A court may deny the certificate of probable cause if the petitioner fails to show exhaustion of remedies in state courts. *U.S. ex rel. Sullivan v. Heinze*, 250 F.2d 427 (9th Cir. 1957), *cert. denied*, 356 U.S. 943, 78 S.Ct. 789, 2 L.Ed.2d 818 (1958); *Ferrario v. State of Nebraska*, 352 F.2d 620 (8th Cir. 1965).

Krum may take an alternative course in this Court by amending the petition to allege only those grounds he has fairly presented to the Arizona Supreme Court. *See Rose*, 455 U.S. at 520, 102 S.Ct. at 1204. In so doing, however, Krum risks permanently waiving his unexhausted federal claims. *See McCleskey v. Zant*, —— U.S.

——, 111 S.Ct. 1454, 1467–70, 113 L.Ed.2d 517 (1991); *Rose*, 455 U.S. at 520–21, 102 S.Ct. at 1204–05. In this case, the Court finds it cannot, in good faith, provide Krum with a certificate of probable cause because he still has state court remedies available.

IT IS ORDERED denying Krum's request for a certificate of probable cause (Doc. # 7).

IT IS FURTHER ORDERED granting Krum leave to proceed *in forma pauperis* on appeal. *See Gardner v. Pogue*, 558 F.2d 548, 550–52 (9th Cir.1977).