21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Owen Duane NUNNEMAKER, Petitioner-Appellant,
v.
Eddie S. YLST, Warden, Respondent-Appellee.
 No. 93-15361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1994.
Decided April 1, 1994.
 
 Before: POOLE, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Owen Duane Nunnemaker appeals the district court's denial of his petition for a writ habeas corpus. He contends that the district court erred in concluding that he has failed to establish cause and prejudice to excuse his procedural default in the California state courts. We affirm.
 
 BACKGROUND
 
 3
 Nunnemaker was convicted of first degree murder in California state court. At trial, the State introduced the testimony of a psychiatrist who had interviewed Nunnemaker while he was in State custody to rebut psychiatric testimony Nunnemaker had introduced to establish a defense of diminished capacity. The State psychiatrist testified to his opinion, based upon his interview with Nunnemaker, that Nunnemaker had the capacity to form the specific intent to kill at the time of the murder. Nunnemaker contends that this testimony was inadmissible because it was obtained in violation of his Miranda rights.
 
 
 4
 At an earlier stage in these proceedings, the Supreme Court reversed our determination that no state procedural bar prevented Nunnemaker from raising this claim in federal habeas proceedings. Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991). Because Nunnemaker procedurally defaulted on his constitutional challenge to the State's psychiatric testimony in state court, federal review of the claim is barred unless Nunnemaker establishes cause and prejudice for the default. Id. at 2596. The Supreme Court remanded the case to this court for a determination whether cause and prejudice exists to excuse the default. Id. We in turn remanded to the district court. The district court reaffirmed its original determination that Nunnemaker has not shown cause and prejudice. Nunnemaker appealed.[1]
 
 I.
 
 5
 "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel" will establish cause for a State procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986) (citing Reed v. Ross, 468 U.S. 1, 16 (1984)). Nunnemaker's claim finds its legal basis in Miranda v. Arizona, 384 U.S. 436 (1966), decided more than ten years prior to his trial. Numerous state and federal defendants prior to Nunnemaker's trial recognized Miranda as a basis for challenging the introduction of prosecution evidence through the testimony of psychiatrists who had interviewed the defendants without administering Miranda warnings. See e.g., United States v. Ives, 504 F.2d 935 (9th Cir.1974), vascated on other grounds, 421 U.S. 944 (1975); Schantz v. Eyman, 418 F.2d 11 (9th Cir.1969); United States v. Trapnell, 495 F.2d 22 (2d Cir.1974); United States v. Day, 1 M.J. 1167 (C.G.C.M.R.1975); United States v. White, 41 C.M.R. 338 (C.M.A.1970); United States v. Wilson, 40 C.M.R. 112 (C.M.A.1969); State v. Collins, 236 N.W.2d 376 (Iowa 1975); State v. Wade, 527 P.2d 753 (Or.Ct.App.1974); Stultz v. State, 500 S.W.2d 853 (Tex.Ct.App.1973); State v. Davis, 514 P.2d 149 (Wash.1973); State v. Anderson, 509 P.2d 80 (Wash.Ct.App.1973); People v. Montgomery, 45 Cal.Rptr. 475 (Cal.Ct.App.1965); People v. Acosta, 96 Cal.Rptr. 234 (Cal.App.1971); People v. McKinney, 62 Misc.2d 957 (N.Y.Co.Ct.1970).[2] Nunnemaker has not shown that the legal basis of the constitutional claim he seeks to advance was so novel at the time of his trial as to constitute cause for his State procedural default.
 
 II.
 
 6
 A habeas petitioner can establish cause for a state procedural default by establishing ineffective assistance of counsel. Murray, 477 U.S. at 488. We already have had occasion to review Nunnemaker's claim that his trial counsel's failure to object to the testimony of the State's psychiatrist amounted to ineffective assistance of counsel. See Nunnemaker v. Ylst, 904 F.2d 473, 477 (9th Cir.1990). We decline to alter our determination that "Nunnemaker has not shown that his trial counsel's performance 'was not within the range of competence demanded of attorneys in criminal cases.' " Id. (citations omitted).
 
 III.
 
 7
 Lastly, we reject Nunnemaker's contention that the district court was required to hold a hearing to determine his trial counsel's reason for failing to object to the State psychiatrist's testimony.
 
 
 8
 "Where a petitioner raises a colorable claim of ineffective assistance, and where there has not been a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing." Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir.1990) (citation omitted). However, this principle is unhelpful to Nunnemaker because he has not raised a colorable claim of ineffective assistance. It may be that Nunnemaker's trial counsel failed to object to the entire testimony of the State's psychiatrist witness rather than to isolated portions of that testimony, because he failed to recognize a constitutional ground for challenging the entire testimony. Even so, the district court determined from a review of the record, and we agree, that Nunnemaker's counsel's "vigorous objections to specific aspects of the psychiatrist's testimony clearly establish[es] the presence of an adversarial element at [Nunnemaker's] trial." (ER at 37). "[T]he Constitution] does not insure that defense counsel will recognize and raise every conceivable constitutional claim." Murray 477 U.S. at 486 (quoting Engle, 456 U.S. at 133-34).
 
 IV.
 
 9
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We review de novo district court decisions whether to grant or deny petitions for writs of habeas corpus. LaPier v. McCormick, 986 F.2d 303, 304 n. 1 (9th Cir.1993)
 
 
 [2]
 That the exact question Nunnemaker raises might not have been argued or decided in most of these cases because of factual or procedural distinctions does not preclude our reliance on them for the proposition that Nunnemaker did not "lack the tools to construct [his] constitutional claim." Engle v. Isaac, 456 U.S. 107, 132 (1982). Moreover, "the mere fact that counsel failed to recognize the factual or legal basis for a claim ... does not constitute cause for a procedural default." Murray, 477 U.S. at 487-88