Justice THOMAS, dissenting.
I agree with THE CHIEF JUSTICE that the former Creek Nation Reservation was disestablished at statehood and Oklahoma therefore has jurisdiction to prosecute petitioner for sexually assaulting his wife's granddaughter. Ante , at 2482 - 2483 (dissenting opinion). I write separately to note an additional defect in the Court's decision: It reverses a state-court judgment that it has no jurisdiction to review. "[W]e have long recognized that 'where the judgment of a state court rests upon two grounds, one of which is federal and the other non-federal in character, our jurisdiction fails if the non-federal ground is independent of the federal ground and adequate to support the judgment.' " Michigan v. Long , 463 U.S. 1032, 1038, n. 4, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (quoting Fox Film Corp. v. Muller , 296 U.S. 207, 210, 56 S.Ct. 183, 80 L.Ed. 158 (1935) ). Under this well-settled rule, we lack jurisdiction to review the Oklahoma Court of Criminal Appeals' decision, because it rests on an adequate and independent state ground.
*2503 In his application for state postconviction relief, petitioner claimed that Oklahoma lacked jurisdiction to prosecute him because his crime was committed on Creek Nation land and thus was subject to the exclusive jurisdiction of the Federal Government under the Major Crimes Act, 18 U.S.C. § 1153. In support of his argument, petitioner cited the Tenth's Circuit's decision in Murphy v. Royal , 875 F.3d 896 (2017).
The Oklahoma Court of Criminal Appeals concluded that petitioner's claim was procedurally barred under state law because it was "not raised previously on direct appeal" and thus was "waived for further review." 2018 OK CR 1057 ¶2, ---- P. 3d ----, ---- (citing Okla. Stat., Tit. 22, § 1086 (2011)). The court found no grounds for excusing this default, explaining that "[p]etitioner [had] not established any sufficient reason why his current grounds for relief were not previously raised." --- P. 3d, at ----. This state procedural bar was applied independent of any federal law, and it is adequate to support the decision below. We therefore lack jurisdiction to disturb the state court's judgment.
There are two possible arguments in favor of jurisdiction, neither of which hold water. First, one might claim that the state procedural bar is not an "adequate" ground for decision in this case. In Murphy , the Tenth Circuit suggested that Oklahoma law permits jurisdictional challenges to be raised for the first time on collateral review. 875 F.3d at 907, n. 5 (citing Wallace v. State , 1997 OKCR 18, 935 P.2d 366 ). But the Oklahoma Court of Criminal Appeals did not even hint at such grounds for excusing petitioner's default here. More importantly, however, we may not go beyond "the four corners of the opinion" and delve into background principles of Oklahoma law to determine the adequacy of the independent state ground. Long , 463 U.S., at 1040, 103 S.Ct. 3469. This Court put an end to that approach in Long , noting that "[t]he process of examining state law is unsatisfactory because it requires us to interpret state laws with which we are generally unfamiliar, and which often, as in this case, have not been discussed at length by the parties." Id. , at 1039, 103 S.Ct. 3469. Moreover, such second-guessing disrespects "the independence of state courts," id. , at 1040, 103 S.Ct. 3469, and the State itself, Coleman v. Thompson , 501 U.S. 722, 738-739, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
Second, one might argue, as the Court does, that we have jurisdiction because the decision below rests on federal, not state, grounds. See ante, at 2479, n. 15. It is true that the Oklahoma Court of Criminal Appeals briefly recited the procedural history of Murphy and recognized that the Tenth Circuit's decision-which we granted certiorari to review-is not yet final. But contrary to the Court's assertion that brief discussion of federal case law did not come close to "address[ing] the merits of [petitioner's] federal [Major Crimes Act] claim." Ante , at 2479, n. 15. The state court did not analyze the relevant statutory text or this Court's decisions in Solem v. Bartlett , 465 U.S. 463, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984), and Nebraska v. Parker , 577 U. S. 481, 136 S.Ct. 1072, 194 L.Ed.2d 152 (2016). It reads far too much into the opinion to claim that the court's brief reference to the Tenth Circuit's decision in Murphy transformed the state court's decision into one that "fairly appear[s] to rest primarily on federal law or to be interwoven with federal law," Long , supra , at 1040-1041, 103 S.Ct. 3469 ; see also ante, at 2479, n. 15. Nothing in the court's opinion suggests that its judgment was at all based on federal law. Thus, even if we were to set aside the fact that the state court "clearly and expressly state[d]
*2504 that [its decision] was based on state procedural grounds," we could not presume jurisdiction here. Coleman , supra , at 735-736, 111 S.Ct. 2546 (internal quotation marks omitted).
The Court might think that, in the grand scheme of things, this jurisdictional defect is fairly insignificant. After all, we were bound to resolve this federal question sooner or later. See Royal v. Murphy , 584 U. S. ----, 138 S.Ct. 2026, 201 L.Ed.2d 277 (2018). But our desire to decisively "settle [important disputes] for the sake of convenience and efficiency" must yield to the "overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere." Hollingsworth v. Perry , 570 U.S. 693, 704-705, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013) (internal quotation marks omitted). Because the Oklahoma court's "judgment does not depend upon the decision of any federal question[,] we have no power to disturb it." Enterprise Irrigation Dist. v. Farmers Mut. Canal Co. , 243 U.S. 157, 164, 37 S.Ct. 318, 61 L.Ed. 644 (1917).
I agree with THE CHIEF JUSTICE that the Court misapplies our precedents in granting petitioner relief. Ante , at 2484 - 2502 (dissenting opinion). But in doing so, the Court also overrides Oklahoma's statutory procedural bar, upsetting a violent sex offender's conviction without the power to do so. The State of Oklahoma deserves more respect under our Constitution's federal system. Therefore, I respectfully dissent.

Not admitted in D.C.; supervised by principals of the Firm.